UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | Crim. No. 1:12-cr-00266 (Roberts) |
| ) | |
| DARIO DAVIS ) | |
|     a/k/a "D" ) | FILED UNDER SEAL |
| ) | |
|     Defendant. ) | |

GOVERNMENT'S MOTION TO DETAIN DEFENDANT PENDING TRIAL

**COMES NOW** the United States of America, by and through the undersigned attorney, and hereby moves to detain defendant Dario Davis (hereinafter "Davis") pending trial. In support thereof, the government states the following:

FACTS

1. On December 12, 2012, Davis was indicted (12-cr-00266) by a federal grand jury in the District of Columbia and charged with conspiring to distribute, and possess with intent to distribute, five kilograms or more of cocaine on board an aircraft registered in the United States or owned by a United States citizen and aiding and abetting, in violation of 21 U.S.C. §§ 959(b), 960 and 963, and 18 U.S.C. § 2. The Indictment also includes a forfeiture allegation naming the defendant. On December 12, 2012, Magistrate Judge John Facciola, United States Magistrate Judge for the District of Columbia, ordered the issuance of a warrant for the arrest of Davis based on the charge in the Indictment.

2. Davis is a member of a high-level drug transportation organization responsible for transporting on board aircraft registered in the United States multi-thousand kilogram quantities

of cocaine. Specifically, the government has learned that, as part of that organization, between May 2011 and December 2012, Davis and his co-conspirators arranged to transport between 2,400 and 4,500 kilograms of cocaine on-board the United States registered aircraft bearing tail number N157PA (hereinafter, "the N157PA aircraft") from the Colombia-Venezuela border to Honduras.

      3. As a result of lawfully obtained email communications, telephone calls lawfully intercepted in Colombia, information from confidential sources, results of administrative subpoenas, and information provided by Colombian, Bahamian, and Haitian law enforcement authorities, the United States learned that Davis had agreed with his co-conspirators to be the pilot of the N157PA aircraft on its flights to acquire and transport the cocaine shipments. Based on Colombian wiretap information and interviews of informants, the United States learned that Davis was to be paid $100,000 United States Dollars (USD) for his participation in this drug-transportation venture. On May 24, 2012, after flying the N157PA aircraft along with two associates from Bahamas to Haiti to acquire fuel en route to the Colombia-Venezuela border to obtain the cocaine, Davis was arrested for unauthorized use of an aircraft. On that same date, Haitian authorities seized the N157PA aircraft. Davis remained in jail in Haiti until March 5, 2013, when he was expelled to the United States in connection with this case.

## ARGUMENT

<u>Statutory Presumption</u>

      4. The presumption of detention under 18 U.S.C. § 3142(e) applies in this case. Under 18 U.S.C. § 3142(e), there is a statutory rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety

of the community if the judicial officer finds that there is probable cause to believe that the defendant committed an offense for which a maximum sentence is life imprisonment or a term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.  18 U.S.C. § 3142(f)(1)(B) and (C).  An indictment charging a qualifying offense, as is the case here, is sufficient to trigger this presumption.  United States v. Smith, 79 F.3d 1208 (D.C. Cir. 1996); United States v. Mosuro, 648 F. Supp. 316, 318 (D.D.C. 1986).  When the presumption is triggered, it operates "at a minimum to impose a burden of production on the defendant to offer some credible evidence contrary to the statutory presumption."  United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985).

Nature and Circumstances of Offense Charged

5.  The offense charged involves the prolonged operation of a drug conspiracy in the Bahamas, Colombia, the Dominican Republic, and Haiti and included an agreement to transport multi-thousand kilogram quantities of cocaine.

Weight of the Evidence

6.  The evidence in this case consists of judicially-approved wire interceptions in Colombia, information provided by several reliable confidential sources (CSs), consensually-recorded conversations, financial documents obtained by administrative subpoenas, and the seizure of the aircraft en route to acquire the drugs in this case.

History and Characteristics of the Defendants

7. Davis is a pilot who offered his services to high-level drug-transportation organizations to assist in the transportation of cocaine shipments.  To the best of the Government's knowledge, Davis has minimal ties to anyone or any place in the United States.

The fact that the defendant is a Bahamian citizen with no current ties to the United States argues in favor of his detention pending trial.  18 U.S.C. § 3142(g)(3)(A).  See United States v. Townsend, 897 F.2d 989 (9th Cir. 1990).  Several courts have ordered pretrial detention of foreign national defendants without any contacts to the United States.  E.g., United States v. Vargas, 804 F.2d 157 (1st Cir. 1986) (Chilean defendant in drug importation case who had no family ties to U.S. was properly detained when no conditions or combination of conditions would reasonably assure his appearance at trial); United States v. Geerts, 629 F.Supp. 830 (E.D. Pa. 1985) (defendant was a citizen of the Netherlands facing the possibility of an approximately fifty-year term of imprisonment on customs related charges and had no significant ties to United States; thus he presented serious risk of flight which justified pretrial detention).

Safety of the Community

8.  A finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community must be supported by clear and convincing evidence.  18 U.S.C. §3142(f).  The Government submits that Davis is a danger to the community.  He was closely associated with members of a drug trafficking organization which engaged in the highest level of drug trafficking.  Federal courts have recognized that drug traffickers are likely to continue engaging in drug related activities if released on bail and thus, constitute a danger to the community.  See United States v. Knight, 636 F.Supp. 1462 (S.D. Fla. 1986). Accord United States v. Creekmore, 1997 W.L. 732435 (D.D.C. 1997) (Facciola, J.).

Risk of Flight

9.  A determination of risk of flight must be supported by a preponderance of the evidence.  United States v. Xulam, 84 F.3d 441, 442 (D.C. Cir. 1996).  The Government submits

that, due to the seriousness of the crime charged, Davis is a significant flight risk and he would attempt to leave the U.S. if given the opportunity. Davis is a Bahamian national who has minimal ties to the United States and no independent immigration status in the U.S. since he was only allowed to enter the U.S. to face the current charges. Additionally, United States law enforcement has learned that Davis' associates, including his co-conspirators in this case, have already collected large sums of money and taken considerable efforts in an effort to secure Davis' release from prison in Haiti. Based upon his contacts with high-level drug trafficking organizations in Central and South America with access to large amounts of money, there are compelling reasons to believe that the defendant would have the ability to flee this country if he were released on bond. In the event that he were to abscond, it would be very difficult to locate him and secure his return to the United States.

**WHEREFORE**, for the foregoing reasons, the Government submits that defendant Dario Davis should be detained pending trial.

Respectfully submitted,

_____
Paul Joseph
Trial Attorney
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
(202) 514-9644
Paul.Joseph2@usdoj.gov