UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | Crim. Case No. 1:12 – cr – 266 (RWR) |
| v. | |
| DWIGHT WARREN KNOWLES,<br>      Defendant. | |

**DEFENDANT'S MOTION FOR A BILL OF PARTICULARS
AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, Defendant Dwight Knowles respectfully moves for the Court to order the government to produce to the defense a bill of particulars as detailed in this motion and as supported by the incorporated memorandum of points and authorities.

**Background**

On December 12, 2012, an indictment was returned against Mr. Knowles and four codefendants. ECF Doc. #3. The indictment alleged that the five defendants conspired "on board an aircraft registered in the United States or owned by a United States citizen, [to] distribute, and possess with intent to distribute, five kilograms or more of a mixture and substance containing a detectable amount of cocaine… ." *Id.* The Indictment also included a "Forfeiture Allegation" naming all five defendants. *Id.* The conduct was alleged to have taken place from "in or about May 2011" to the date the indictment was filed, December 12, 2012; a 19-month time period. *Id.*

On January 15, 2015, the government filed a pleading entitled "Government's Position on 404(b) and Motion to Introduce 404(b) Evidence At Trial." ECF Doc. #55. The government motion identified and argued for admission of certain evidence against Mr. Knowles and a codefendant, Oral George Thompson. The evidence referenced in the government motion is inadmissible given that it exceeds the time-frame identified in the indictment. Yet, the government informed the Court that they intended to introduce at trial a large body of evidence beyond the parameters of the charged indictment under their theory of admissibility. The government in their motion advanced a theory that the evidence: 1) is not 404(b) evidence; and, 2) if the Court disagreed with their assessment, it was admissible as 404(b) evidence.

As example of the government's intent one paragraph from the government pleading typifies the now impermissibly expansive nature of the government evidence:

> As stated above, to be clear and to provide proper notice, the Government intends to offer evidence at trial in the form of witness testimony and through the introduction of telephone recordings, transcripts, email messages, text messages, and other evidence of the Defendants' cocaine trafficking activities including their plans to utilize US-registered aircraft, non US registered aircraft, boats, shipping containers, and other methods to acquire and transport large quantities of cocaine.

ECF Doc. #55, p.8. What has become clear from the government pleading is that Mr. Knowles, and his codefendant, now have no knowledge of what type of evidence, what time frame, and what named or unnamed co-conspirators will be introduced at trial against them. Accordingly, a bill of particulars is respectfully requested.

### Request for Particulars

As noted, Mr. Knowles now faces an entirely new criminal case, new co-conspirators, new activity, an expanded time-frame of activity, and new sentencing consequences. For these

reasons and others that may be established at a hearing on this motion, Mr. Knowles respectfully requests that the government provide the following particulars:

- Name those "others known and unknown to the Grand Jury" with whom Mr. Knowles and the other co-defendants did "knowingly, willfully, and intentionally combine, conspire, and confederate with . . . ."

- Specify how Mr. Knowles did "knowingly, willfully, and intentionally combine, conspire, and confederate with . . . ." as referenced in the Indictment.

- Identify when Mr. Knowles entered into the alleged conspiracy, and withdrew from the alleged conspiracy.

- Identify where Mr. Knowles was located when he allegedly entered into the alleged conspiracy, and withdrew from the alleged conspiracy.

- Specify the instances when Mr. Knowles manifested his having entered into the alleged conspiracy.

- Identify any instance where Mr. Knowles entered, acted in, or caused actions in the United States in furtherance of the alleged conspiracy.

- Identify all instances of "intentional[] distribute[ion] and possess[ion] with intent to distribute [narcotics]..." as referenced in the Indictment.

- Specify "elsewhere" as referenced in the Indictment setting forth the alleged locations of the conspiratorial activity.

- Identify all overt acts that occurred in the United States furthering the alleged conspiracy, including the names of the participants in these actions, the alleged aircraft used, aircraft nation of registry, identification number of any aircraft, the dates of the actions and facts detailing these actions.

- Identify all overt acts that occurred outside the United States furthering the alleged conspiracy, including the names of the participants in these actions, the dates of these actions and facts detailing these actions.

- Specify what narcotics Mr. Knowles is alleged to have "manufactured and distributed."

- List the amounts and type of narcotics for which Mr. Knowles is being held responsible, either directly or from the perspective of vicarious co-conspirator liability.

**Points & Authorities In Support**

Federal Rule of Criminal Procedure 7(f) provides that a court may direct the government to file a bill of particulars to elaborate on the indictment, thereby enabling a defendant to prepare for trial, prevent surprise, and plead double jeopardy.  *See Wong Tai v. United States*, 273 U.S. 77, 80-81 (1927).  A bill of particulars is appropriate when the indictment lacks sufficient specificity to enable a defendant to understand the charges and prepare a defense.  *United States v. Mejia*, 448 F.3d 436, 445 (D.C. Cir. 2006) (*citing United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987)); *see also United States v. Sunia*, 643 F. Supp.2d 51 (D.D.C. 2009) (Walton, J.) (dismissing obstruction of justice counts in indictment for failing to provide the essential facts constituting the offense and comply with defendants' rights under Grand Jury Clause of Fifth Amendment).

A bill of particulars is appropriate when the indictment is difficult to follow (*see United States v. Trie*, 21 F. Supp. 2d 7, 21 (D.D.C. 1998)) and where the indictment lacks specificity to enable a defendant to prepare an appropriate defense (*Mejia*, 448 F.3d at 445).  A defendant should not have to waste precious pre-trial preparation time guessing which acts he must defend against or which associates may be witnesses against him at trial when the government knows precisely the acts on which it intends to rely and can easily provide such information.  *Trie*, 21 F. Supp. 2d at 21.  The sparse allegations contained in the Indictment, and the new expanded universe of allegations identified in the government Rule 404(b) motion, fail to notify Mr. Knowles what the government is alleging.  Instead, the Indictment merely alleges the existence of a conspiracy to violate the federal narcotics statute.

*Disclosure of Co-Conspirators*:  Disclosure of the names of co-conspirators is not uncommon in conspiracy cases brought in this District.  *See, e.g., United States v. Brodie*, 326 F.

Supp. 2d 83, 91 (D.D.C. 2004) (ordering disclosure of the names of alleged co-conspirators as requested by defendant charged with scheming to defraud financial institutions); *United States v. Ramirez*, 54 F. Supp. 2d 25, 30 (D.D.C. 1999) (ordering disclosure of names of alleged co-conspirators as requested by defendants charged with narcotics conspiracy).

The United States District Court for the Southern District of New York recently identified the following factors for courts to consider in deciding whether to order disclosure of the names of alleged co-conspirators: (1) the number of co-conspirators; (2) the duration and breadth of the alleged conspiracy; (3) whether the government has otherwise provided adequate notice of the particulars; (4) the volume of pre-trial disclosures; (5) the potential danger to co-conspirators; and (6) the potential harm to the government's investigation. *United States v. Santiago*, 174 F. Supp. 2d 16, 35 (S.D.N.Y. 2001) (*citing United States v. Nachamie*, 91 F. Supp. 2d 565, 572-73 (S.D.N.Y. 2000)).

Mr. Knowles is entitled to know who the government alleges to be a co-conspirator or abettor because of the complexity of the case, the sheer volume and nature of the wiretap recording evidence, the duration of the alleged conspiracy and lack of adequate justification for nondisclosure.  The Indictment alleges the involvement of individuals "known and unknown to the Grand Jury." Review of the evidence, which is comprised largely of voluminous phone records and phone customer information, which requires a largely fruitless and time-consuming review and translation, would be aided and expedited greatly if the government provided the names of the alleged abettors and co-conspirators and the specific acts it intends to prove.

At present, Mr. Knowles must guess whom the government alleges to be either a co-conspirator or abettor, and more particularly, which conduct it seeks to present consistent with the government theory.  This lack of specificity tremendously hinders Mr. Knowles's ability to

understand exactly what the government is alleging and prevents him from adequately preparing for trial. Furthermore, it permits the government to seek a conviction on entirely different proof than what was presented to the grand jury.

*Unknown Actors and Unknown Acts*: A bill of particulars is especially appropriate when the indictment is difficult to follow, or overt acts are moving targets. *See United States v. Trie*, 21 F. Supp. 2d 7, 21 (D.D.C. 1998). While at first blush, a short indictment such as the one in this case would not readily be deemed "difficult to follow," however the expansive nature of the allegations makes this short Indictment extraordinarily difficult to follow since it provides no particulars whatsoever. In this District, courts have found that when an indictment attributes a large number of acts to co-conspirators, trial will be unnecessarily complicated without the defendant's knowing which acts were alleged to be performed by which co-conspirator. *See, e.g. United States v. Hsia*, 24 F. Supp. 2d 14 (D.D.C. 1998). For example, in *Hsia*, the court took note of such unnecessary complications due to the lack of information set forth in the indictment. *Id.* at 31. As a remedy, the district court ordered the government to provide "a bill of particulars identifying, for each relevant paragraph of the indictment, which coconspirator performed the specified acts." *Id*.

In *Trie*, the defendant was charged with conspiracy to defraud the United States by making fraudulent campaign contributions and false statements. 21 F. Supp. 2d at 21. The defendant in *Trie m*oved for a bill of particulars requesting, in part, that the government identify the particular statements alleged to be false. In granting the defendant's motion, the court took note of the lack of specificity in other materials provided by the government. The government provided the defendant with 45-pages of documents containing 175 names and contended that "with due diligence Mr. Trie can readily identify which of the 175 names and what part of the

related information constitute the actual false statements." *Id*. The court stated that the government's contention that due diligence on behalf of the defendant would provide the information requested "presume[s] that the defendant knows what the government alleges that he did and with whom he dealt and therefore has all the information he needs." *Id*. The court found this presumption insufficient for a complex indictment that alleges the involvement of over one hundred individuals in addition to the defendant. In granting the motion for particulars, the court concluded that the government's contention was inconsistent with the presumption of innocence and "smack[ed] of gamesmanship." *Id.*

In the instant case, Mr. Knowles faces a similar burden and danger. The conclusory statements contained in the Indictment lack specificity to assist Mr. Knowles in knowing in any way what the government is alleging. The Indictment makes no attempt to either describe any act relating to the charges or delineate among the defendants or which acts are deemed to be in furtherance of the conspiracy. While the federal narcotics conspiracy statutes do not require that an indictment set forth overt acts, it does not preclude and it certainly does not inoculate the government from having to provide a bill of particulars to appropriately advise the defendant of which actions were deemed by the grand jury to provide probable cause and which actions the government will seek to prove at trial.

The Indictment does little more than assert a time-frame of alleged criminal activities while providing the government a largely free hand to present evidence from the broadly stated allegations. Moreover, similar to *Trie,* there are potentially numerous witnesses that the government has not identified that were allegedly involved in an alleged conspiracy. Such a burden placed on the defendant presumes that Mr. Knowles knows exactly to what actions the government refers and prejudices his ability to prepare his defense.

**Conclusion**

The Indictment, coupled with the government revelations in their 404(b) notice, lack the specificity necessary to allow Mr. Knowles to fully defend against the alleged conspiracy and does not provide appropriate notice of exactly what actions the grand jury deemed to provide probable cause or which of those actions the government will seek to prove at trial.  For the foregoing reasons, Mr. Knowles respectfully requests that the Court grant this motion for a bill of particulars.

**WHEREFORE,** Mr. Knowles respectfully requests that the Court grant this motion.  A proposed order is attached.

Date:  January 30, 2015

**RETURETA & WASSEM, P.L.L.C.**

**By:** _____
Manuel J. Retureta, Esq.
District of Columbia Bar  430006
717 D Street, NW, Suite 300
Washington, D.C.  20004
O - 202.450.6119  /  F - 202.450.6109
MJR @ RETURETAWASSEM.COM
*Defense Counsel for Dwight Knowles*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 30th day of January 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system thereby serving all parties related to this case.

**By:** _____
Manuel J. Retureta, Esq.