UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO.: 12cr266-02 (RWR) |
| | : | |
| DWIGHT KNOWLES (2) | : | |
|     a.k.a. "Dwight," | : | |
|     a.k.a. "Arizona," | : | |
| | : | |
|     and | : | |
| | : | |
| ORAL GEORGE THOMPSON (3) | : | |
|     a.k.a. "Chad," | : | |
| | : | |
|         Defendants. | : | |

## GOVERNMENT'S OPPOSITION RESPONSE TO DEFENDANT'S MOTION FOR A BILL OF PARTICULARS

COMES NOW the United States of America, by and through its undersigned counsel, and respectfully opposes the motion for a bill of particulars, filed in the above-captioned matter on January 30, 2015, by defendant Dwight Knowles.  *See* Motion for a Bill of Particulars (Docket No. 57) ("Mot. For Bill of Part."), filed in Criminal Case No. 1:12cr266.   As described in detail below, the Government has provided to defendant Knowles and his co-defendant, defendant Oral George Thompson, more than adequate notice of the charges against them.   In addition to the information contained in the indictment in this case as well as multiple, detailed pretrial filings by the Government, voluminous evidence underlying the charged conspiracy has been produced to both defendants since shortly after they arrived in the United States via extradition.   To the extent that the defendants feel like they may be surprised by the evidence introduced at trial, it is not for lack of specificity by the Government.   To the contrary, the

Government has produced specific, detailed, and indexed evidence, the majority of which are communications of defendants Thompson and Knowles themselves.   Further, in multiple pretrial filings, described further below, the Government has outlined for the defense the scope of its evidence, provided specific examples, and set forth its theories of guilt.   Finally, the Government has offered to produce to the defendants a trial witness list and trial exhibit list at least 30 days in advance of trial.   Accordingly, the United States requests that the Court rule that the particulars provided to the defendants through the indictment, voluminous discovery produced to date, multiple pretrial filings, and the Government's trial and witness lists are more than sufficient to serve the function of a bill of particulars and that the United States need not provide any further particulars to the defendants at this time.

## I.     Procedural Background

Defendants Knowles and Thompson, and three co-defendants, Dario Davis, Trevor Ferguson, and Sergio Gonzalez Bencomo, were indicted in criminal case number 12-cr-266 (RWR) on December 12, 2012, by a federal grand jury in the District of Columbia.   The indictment provided that, from in or around May 2011, and continuing thereafter and including December 12, 2012, in the Bahamas, Colombia, Haiti, Venezuela, the Dominican Republic, and elsewhere, defendants Knowles and Thompson, and their co-defendants conspired to distribute, and possess with the intent to distribute, five kilograms or more of cocaine on board an aircraft owned by a United States citizen and registered in the United States, and aiding and abetting, in violation of 21 U.S.C. §§ 959(b), 960 and 963, and 18 U.S.C. § 2.   The indictment contains forfeiture allegations.

Defendants Thompson and Knowles were extradited to the United States from Colombia

on March 28 and September 24, 2014, respectively.   Both defendants have been ordered

detained pending trial since the dates of their initial appearances before magistrate judges in this

case.

On January 15, 2015, the Government filed its Position on 404(b) and Motion to

Introduce 404(b) Evidence at Trial (Docket No. 55) ("404(b) Motion.").   On January 30, 2015,

the Government filed its Notice of Intention to Introduce Expert Testimony (Docket No.

56)("Expert Witness Notice") and its Motion to Admit Recordings and Transcripts (Docket No.

58).   Also on January 30, 2015, Knowles' counsel filed a Motion for a Bill of Particulars asking

the Court to direct the prosecution to file a Bill of Particulars, pursuant to Federal Rule of

Criminal Procedure 7(f).   Mot. For Bill of Part. at 1.   Defendant Thompson did not join in

Defendant Knowles' motion, and has not filed any other pretrial motions to date.   At a status

hearing on February 6, 2015, this Court granted the defendants' unopposed oral motion for extra

time to respond to the Government's 404(b) Motion.   The late responses of Defendant Knowles

and Thompson to that 404(b) motion are now due on or before February 20, 2015.

In the instant motion, defendant Knowles claims that his client faces essentially a new

criminal case and new sentencing consequences.   Mot. For Bill of Part. at 2.   As described

further below, in support of his notion that a bill of particulars should be ordered, defendant

Knowles relies primarily upon two 1998 cases involving fraud and making false statements, and

a 2001 District Court case from another district (the Southern District of New York).   Mot. For

Bill of Part. at 4-6.   The defense seeks a broad directive from the Court ordering the

Government to file a Bill of Particulars for the charged conspiracy and ordering the Government

to set forth detailed evidence about the Government's case; essentially seeking the Government's

3

trial strategy, proof, and theories of guilt, as well as a description of all overt acts in furtherance of the charged conspiracy.   Mot. for Bill of Part. at 3-4.


## II.   <u>Relevant Case Law</u>

Rule 7(f) of the Federal Rules of Criminal Procedure provides that "[t]he court may direct the government to file a bill of particulars" and [t]he defendant may move for a bill of particulars before or within 14 days of arraignment or at a later date if the court permits."   Fed.R.Crim.P. 7(f).[1]   The D.C. Circuit has stated that, "[a] bill of particulars can be used to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges."   *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987); *United States v. Savoy*, 889 F.Supp.2d 78, 115 (D.D.C. 2012) (Lamberth, C.J.); *United States v. Martinez*, 764 F. Supp. 2d 166, 173 (D.D.C. 2011) (Lamberth, C.J.); *United States v. Palfrey*, 499 F. Supp. 2d 34, 51 (D.D.C. 2007) (Kessler, J.); *United States v. Bourdet*, 477 F. Supp. 2d 164, 184 (D.D.C. 2007) (Bates, J.).   Since defendants are not entitled to a bill of particulars "as a matter of right, . . . the test is whether such particulars are 'necessary.'"   *United States v. Sanford Ltd.*, 841 F. Supp. 2d 309, 315-16 (D.D.C. 2012) (citing 1 Charles Alan Wright & Andrew Leipold, *Federal Practice and Procedure: Criminal* § 130 (4th ed. 2008)).   A bill of particulars is not to be used "as a discovery tool or a devise for allowing the defense to preview the government's theories or

---

[1] Rule 7(f) also provides that if a bill of particulars is required, the government may amend a bill of particulars subject to such conditions as justice requires.   The details and references set forth in a bill of particulars are not intended to limit the proof ultimately offered at trial, but are intended to provide a defendant with a clearer understanding of the conduct covered by the indictment.

evidence.   It properly includes clarification of the indictment, not the government's proof of its case." *Savoy*, 889 F.Supp.2d at 115 (citing *United States v. Ramirez*, 54 F. Supp. 2d 25, 29 (D.D.C. 1999)).   In addition, if the requested information is available in some other form, then a bill of particulars is not required.   *Butler*, 882 F.2d at 1193; *Savoy*, 889 F. Supp. 2d at 115. "Unlike discovery, a bill of particulars is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct its *own* investigation and not to provide the defendant with the fruit of the government's investigation." *Sanford Ltd.*, 841 F. Supp. 2d at 316.   Thus, a proper non-speaking indictment and a detailed and thorough discovery should allow the Defendant to adequately prepare his defense against the charges he faces.

In the D.C. Circuit, as long as "[t]he indictment alleges the essential facts, charges the required elements, and bars a second prosecution for the same offense, [i]t need not spell out which co-conspirator committed which conspiratorial act, and, . . . need not allege any overt act in furtherance of the conspiracy." *Martinez*, 764 F. Supp. 2d at 173-174; *see Palfrey,* 499 F. Supp. 2d at 51-52 (noting that the government "is not required to disclose its evidence as to the details of the activities of those co-conspirators, nor is it required to disclose its theories" of the case); *United States v. Brodie,* 326 F. Supp. 2d 83, 91-92 (D.D.C. 2004) (Huvelle, J.) ("Nor is the government required to prove how or when the conspiracy was formed, the details of any meeting or when the defendant joined the conspiracy."); *see also United States v. Bazezew*, 783 F.Supp.2d 160, 167 (D.D.C. 2011) (Friedman, J.) ("the general rule is that the defendant is not entitled to obtain 'detailed information about the conspiracy in a bill of particulars"); *Sanford Ltd.*, 841 F. Supp. 2d at 318 (citing *United States v. Diaz*, 303 F. Supp. 2d 84, 89 (D.Conn. 2004) ("[D]efendants in a conspiracy case may not obtain the 'whens,' 'wheres,' and 'with whoms' in a

bill of particulars.").

The D.C. Circuit has not demanded much beyond a proper non-speaking indictment to find a defendant has been adequately informed of the charges against him.   *United States v. Mack*, − F. Supp. 2d −, 2014 WL 3377688, at *5-7 (D.D.C. July 11, 2014) (Contreras, J.). Unlike the general federal conspiracy statute, *see* 18 U.S.C. § 371, the conspiracy provision of the Controlled Substances Act does not require an indictment to list any overt acts taken in furtherance of the conspiracy.   *See United States v. Ramirez*, 54 F. Supp. 2d 25, 30 (D.D.C. 1999) (Freidman, J.).   "Thus, an indictment . . . is sufficient if it alleges a conspiracy to distribute drugs, the time during which the conspiracy was operative and the statute allegedly violated, even if it fails to allege any specific act in furtherance of the conspiracy."   *Id.* (quoting *United States v. Sweeney*, 688 F.2d 1131, 1140 (7th Cir. 1982)) (internal quotation marks omitted).   For example, in *United States v. Mejia,* 448 F.3d 436, 445-46 (D.C. Cir. 2006), the defendants were charged with conspiring to distribute cocaine knowing and intending its unlawful importation into the United States, pursuant to 21 U.S.C. § 963.   The district court denied the defendant's motion for a bill of particulars.   The Court of Appeals concluded, just as the district court had found, that:

> the superseding indictment "identifies what the object of the conspiracy is as is required by [21 U.S.C. § 963,] ... provides a time period of the conspiracy, ... identifies the statutes that the object of the conspiracy violated[,] ... has an identification of the proper mens rea required under Section 963[,] ... [and] identifies at least five countries where the conspirators acted."   Motions Hr'g Tr., vol. V at 51 (March 13, 2001).   Although the indictment did not allege any overt acts, the district court correctly found that "the language of Section 963 does not call for any to be set forth in an indictment, nor do[ ] any ... have to have been committed in order for a [§] 963 [violation] to be proven." *Id.* at 52; *see United States v. Shabani*, 513 U.S. 10, 15, 115 S.Ct. 382, 130 L.Ed.2d 225 (1994) (holding that the government need neither allege nor prove the commission of an overt act to establish a violation of 21 U.S.C. § 846, which is worded identically

to 21 U.S.C. § 963).

*Mejia*, 448 F.3d at 445.

After *Mejia*, the D.C. Circuit has continued to limit defendants' over broad requests for bill of particulars.   In *United States v. Bourdet*, 477 F. Supp. 2d 164 (D.D.C. 2007), wherein the defendants, Guatemalan nationals, were charged with conspiracy to import five kilograms or more of cocaine into the United States in violation of 21 U.S.C. §§ 960 and 963, District Judge John D. Bates denied defendants' request for a bill of particulars, stating:

> The Government argues that its indictment is sufficiently specific. Count two of the indictment identifies a time period for the alleged conspiracy (April to August 2006) and at least three countries where the defendants acted in furtherance of the conspiracy (Guatemala, El Salvador, and Panama). It also specifies the object of the conspiracy, the statutes violated by the conspiracy, and the mens rea required by those statutes. Although the indictment in this case is relatively spare, it is nonetheless sufficient to enable defendants to understand the charges against them and to prepare a defense.   Indeed, the court of appeals recently affirmed the denial of a bill of particulars in response to an indictment containing this exact type and amount of information. *See Mejia*, 448 F.3d at 445.

*Bourdet*, 477 F. Supp. 2d at 184.

Furthermore, where extensive detail has already been provided to defendants through discovery or government pleadings, a bill of particulars is unnecessary.   *Butler,* 822 F.2d at 1193; *Harmon v. United States*, 251 F.2d 379, 380 (D.C. Cir. 1958); *United States v. Homaune*, 898 F.2d 153, 165 (D.D.C. 2012) (Boasburg, J.); *Savoy*, 889 F. Supp. 2d at 115.   In considering whether to direct the government to file a bill of particulars, "'[t]he Court must strike a "prudent balance" between the legitimate interests of the government and those of the defendant.'" *Palfrey,* 499 F. Supp. 2d at 51 (citing *United States v. Ramirez*, 54 F. Supp. 2d 25, 29 (D.D.C. 1999)); *see also United States v. Anderson*, 441 F. Supp. 2d 15, 19 (D.D.C. 2006) (Friedman, J.) (citing *United States v. MacFarlane*, 759 F. Supp. 1163, 1169 (W.D. Pa. 1991)).   As part of this

balancing act, the court may determine that "if the requested information is available in some other form, then a bill of particulars is not required." *Butler,* 822 F.2d at 1193; *see also Martinez*, 764 F. Supp. 2d at 173; *United States v. Bourdet*, 477 F. Supp. 2d 164, 184 (D.D.C. 2007). This is because "[a] bill of particulars is not a discovery tool or a devise [sic] for allowing the defense to preview the government's theories or evidence. It properly includes clarification of the indictment, not the government's proof of its case." *Ramirez,* 54 F. Supp. 2d at 29; s*ee also Bazezew*, 783 F. Supp. 2d at 167; *Martinez*, 764 F. Supp. 2d at 173; *Palfrey,* 499 F. Supp. 2d at 51; *Anderson*, 441 F. Supp. 2d at 19; *Brodie,* 326 F. Supp. 2d at 91-92. As such, the court may deny a defendant's motion for a bill of particulars if the court finds, pursuant to government counsel's proffer, "that the information sought by defendant is available to him through the full discovery provided by the government." *United States v. Gray*, 723 F. Supp. 2d 82, 86 (D.D.C. 2010) (Facciola, M.J.) (denying defendant's motion for a bill of particulars in a criminal tax case, in part "based on representations made by the government" as to discovery produced); *see Mejia*, 448 F.3d at 149-50 (affirming the trial court's order denying the defendants' motion for a bill of particulars when the defendants were provided with DEA-6 reports recounting the defendant's charged crimes at least four months before trial) ("We can only conclude that if the defendants felt ambushed, it was not because the government was lying in wait, but because the defendants were not looking."); *Savoy*, 889 F.Supp.2d at 115-16 (noting that when the defendant had been provided with copies of all the calls intercepted on his line, supporting documentation and orders, and summaries of evidence through pleadings, a bill of particulars is unnecessary).

In *United States v. Martinez*, District of Columbia District Court Chief Judge Royce C.

Lamberth determined that the "defendant has sufficient information to prepare his defense. The government has provided ample discovery to defendant." *Martinez*, 764 F. Supp. 2d at 174.   In denying the defendant's request for a bill of particulars, Chief Judge Lamberth explained that, of the 11,508 telephone activations between co-conspirators that agents intercepted and recorded in this case, "[t]he government has identified 146 calls that may be used at trial and provided a list of those calls to the defendant," along with draft transcriptions and translations of those calls. *Id.*   The government also summarized the factual background of this case at length in its opposition, which could indicate the facts that the government deems relevant to its prosecution. *Id.*   Although the purpose of a bill of particulars is not to provide discovery to the defendant, the fact that the government has provided this information to defendant shows that "the requested information is available in another form."   *Butler,* 822 F.2d at 1193.

Similarly, in *United States v. Glover*, 583 F. Supp. 2d 5 (D.D.C. 2008), District Judge Thomas F. Hogan evaluated a defendant's request for a bill of particulars.   In *Glover*, the defendants were charged with conspiring to possess with intent to distribute and to distribute PCP and heroin.   In denying the defendant's request, Judge Hogan determined that:

> "access to discovery . . . weakens the case for a bill of particulars here." *United States v. Urban,* 404 F.3d 754, 772 (3d Cir. 2005). Williams has received discovery not only of communications involving her, but also of communications involving the other co-defendants charged with her in the superseding indictment, in addition to other discovery provided by the government, including discovery from a related trial that took place earlier this year. [footnote omitted] . . . At this point in the pretrial proceedings, Williams has received enough discovery and other information, including information disclosed by the government during the numerous status conferences held by the Court, to illuminate the nature of the charges and her role in the alleged conspiracy with sufficient detail to enable her to understand the charges, prepare a defense, and avoid double jeopardy.

*Id.* at 13-14.

Defendant Knowles relies chiefly on *United States v. Trie*, 21 F. Supp. 2d, 7 (D.D.C. 1998), *United States v. Hsia*, 24 F. Supp. 2d 14 (D.D.C. 1998), and *United States v. Santiago*, 174 F. Supp. 2d 16 (S.D.N.Y. 2001), a district court case from outside of this District. The defendants in both *Trie* and *Hsia* were on trial for numerous violations of the Federal Election Campaign Act, including the use of "straw" donors or "conduits," concealing the true source of contributions, making false statements to the Federal Election Commission, tampering with witnesses, violations of mail and wire fraud statutes, and obstructing justice. *Trie*, 21 F. Supp. 2d at 13-14; *see Hsia*, 24 F. Supp. 2d at 20-21. In both *Trie* and *Hsia*, the District Court granted the defendants' motions for a bill of particulars because "false statement counts are particularly enigmatic and, without further elucidation, [the defendants] will be unable to effectively prepare for [their] defense."  *Trie*, 21 F. Supp. 2d at 21; *see Hsia*, 24 F. Supp. 2d at 32-33. The Defendant's reliance on *Trie* and *Hsia* is misplaced here for multiple reasons. First, the rationale for the decision to require a bill of particulars in *Trie* and *Hsia* rested on a concern that federal election laws have "statutory and regulatory schemes [that] are complex and technical and proscribe behavior that an ordinary person would not know is criminal . . . . present[ing] the risk that non-culpable people might be prosecuted." *Trie*, 21 F. Supp. 2d at 15-16; *see Hsia*, 24 F. Supp. 2d at 20; *see also United States v. Anderson*, 441 F. Supp. 2d 15, 19-20 (D.D.C. 2006) (Freidman, J.) (interpreting *Trie*, and noting that the court should apply the same analysis in cases charging false statements, perjury, obstruction, tax evasion, and fraud).   In contrast, the drug conspiracy charges against Defendant Knowles, the large amounts of phone calls and discovery already produced, and the Government's pleadings are substantially more similar to the more recent drug conspiracy cases, like *Mejia* (2006) and *Martinez* (2011), than two cases

10

concerning election fraud and false statements. *See Mejia*, 448 F.3d at 445-46; *Martinez*, 764 F. Supp. 2d at 173.

Second, the court ordered a bill of particulars on the basis that specific counts relating to false statements in the indictments themselves were confusing because they did not specify to whom the false statements were made.   *Trie*, 21 F. Supp. 2d at 21-22; *see Hsia*, 24 F. Supp. 2d at 32.   In fact, in *Anderson*, 441 F. Supp. 2d at 19, the court noted that, "*Trie* was a unique case because of the convoluted theory on which the defendant was indicted and the way in which the indictment was drafted."

### III.    Argument in Opposition

A Bill of Particulars is not needed in this case, as the Government has provided extensive information which is more than adequate to inform the Defendants of the nature of the charges against them so that they can prepare a defense, avoid prejudicial surprise at trial, and protect against a second prosecution for the same offense.   For the following reasons, and based on the relevant case law discussed above, the defense's request for a bill of particulars in the instant matter is insupportable, and should be denied.

### A.    Information Disclosed in the Indictment

First, the indictment against Knowles and his co-defendants sufficiently describes the charges brought against them with more than legally-adequate precision.   In line with the ruling in *Mejia* described above, the indictment against the defendants clearly identifies what the object of the conspiracy is (to distribute, and possess with intent to distribute, cocaine on board an aircraft registered in the United States and owned by a United States citizen), when the conspiracy occurred (between May 2011 and December 12, 2012), which statutes are violated,

what mens rea is required (knowingly, willfully, and intentionally), and where the conspirators

acted (the Bahamas, Colombia, Haiti, Honduras, Venezuela, the Dominican Republic, and

elsewhere). 448 F.3d at 445. Contrary to the Defense's assertions, the relevant statutory language

for the offenses charged here do not require that overt acts be alleged.   *See, e.g., United States v.*

*Shabani,* 513 U.S. 10, 15 (1994) (holding that the government need neither allege nor prove the

commission of an overt act to establish a violation of 21 U.S.C. § 846, which is worded

identically to 21 U.S.C. § 963); *see also Mejia*, 448 F.3d at 445.   The language of the indictment

in this case is neither convoluted nor confusing, such as in the 1998 federal election and fraud

cases cited by defendant Knowles in his motion.   *Compare Trie*, 21 F. Supp. 2d at 21-22, *and*

*Hsia*, 24 F. Supp. 2d at 32, *with Mejia*, 448 F.3d at 445.

### B.    Information in Produced Discovery

Second, as described in detail below, the government has *already* provided defense

counsel with virtually all of the requested information through substantial discovery.   The

voluminous and categorized evidence described below sufficiently apprises Defendants Knowles

and Thompson of the conspiratorial conduct for which they are being prosecuted, the basis for

those charges, and the nature and type of the Government's evidence in support of the cocaine

transportation conspiracy with which they have been indicted.   Such evidence produced to the

defendants to date includes the following:

### 1.    Voluminous audio recordings of wiretap calls and copies of text messages indexed by defendant, date, time, and to/from calling data.

The Government has produced to Defendants Knowles and Thompson copies of

thousands of audio recordings and text messages of communications of the Defendants, their co-

defendants, and several close co-conspirators during the time period of, and in furtherance of, the

charged cocaine transportation conspiracy.   (The vast majority of those communications are telephone wiretap recordings conducted by the Colombian National Police.)   The wiretap calls produced to the Defendants are organized by wiretapped telephone, and the particular telephones used by the Defendants and their co-defendants have been identified for the Defense.   A bulk of that discovery was produced to each of the Defendants shortly after their respective arrivals in the United States via extradition from Colombia, meaning that they have had months to review the materials with counsel.   Virtually all of the communications obtained by the Government and produced to the Defense pertain to the cocaine-trafficking conduct of the Defendants, and there are minimal communications of activities unrelated to drug trafficking.   As a result, this is not a case where the Defendants and their counsel are deluged with a large quantity of non-pertinent discovery materials and left to hunt through the materials to identify the needle of pertinent evidence in the haystack of discovery.

In addition, a vast majority of the produced discovery contains recordings of calls and copies of text messages of Defendants Knowles and Thompson themselves, rather than other co-conspirators.   Included with copies of the recordings are pen-link documents which detail for each telephone call and text message, the time, date, length of call, and to/from calling data.   In addition, for many of the most-pertinent conversations, the Government has already included line sheets prepared by Colombian National Police monitors summarizing the content of those calls. A substantial quantity of the evidence is in English (including all communications of defendant Knowles), and both defendants are fluent English-speakers.   A portion of the communications of Defendant Thompson are also in Spanish or Jamaican Patois, and Defendant Thompson is fluent in both of those languages as well.   As a result, the Defendants should not be handicapped by

13

the lack of full translations for all of the evidence in this case, as they certainly should be able to review and understand the communications which are in languages they speak.   Nonetheless, in order to assist the Defendants and their counsel review the evidence, the Government has continued to provide draft translations and transcriptions of the most pertinent evidence and evidence that the Government intends to use at trial.

The fact, that there is a large quantity of inculpatory evidence produced to the Defendants in this case, and the fact that it may take time and effort for the defendants to review the detailed evidence with their counsel in preparation for trial, notwithstanding their consistent demands for a speedy trial, does not mean that the Government has failed to provide adequate specificity of the charged conduct.   To the contrary, in addition to the voluminous discovery and detailed pretrial filings by the Government detailed herein, a few months after Defendant Thompson's extradition to the United States, the Government conducted a reverse proffer for the defendant's benefit, during which the Government outlined for Defendant Thompson and his counsel its case against him: the Government played recordings of wiretapped calls for Defendant Thompson; showed him the contents of inculpatory email and text messages; provided a summary of its evidence in this case; and offered to answers any specific questions that the Defendant or his counsel had regarding the case in general, or any piece of evidence in particular.   The Government also offered to conduct a similar reverse proffer for Defendant Knowles, during which the Government would outline its case against that defendant.   Defendant Knowles declined to participate.   Certainly, from a review of the wiretap recordings provided to date, the Defendants have been given sufficient notice as to co-conspirators involved in the charged conspiracy, the narcotics trafficking nature of that involvement, and possible government

witnesses.

**2.      Hundreds of email messages obtained pursuant to federal search warrants of nine email accounts used by the defendants and associates of the defendants.**

In addition to the thousands of telephone recordings of the Defendants and their co-conspirators, the Government has provided to the Defendants the results of federal search warrants executed in this case for the content of email accounts utilized by the Defendants, co-defendants, and their associates during the time period of, and in furtherance of, the charged conspiracy.   The email messages, along with attachments, are organized by account, date, time, subject, and to/from data.   The email messages produced to the Defendants include a number of communications between Defendants Thompson and Knowles and co-defendants in this case referencing specific aircraft, tail numbers, and pilots, as well as photographs, specification sheets, and registration information for the aircraft.   The email messages, along with the produced wiretap calls and text messages, readily provide the Defense a chronology of the events of the cocaine conspiracy, its progress, and actions taken in furtherance of the conspiracy.

Furthermore, as noted by Government counsel during the February 6, 2015 status hearing in this case, the Government intends to provide to the Defendants approximately thirty days prior to trial an exhibit list of the particular calls, text messages, email messages, and other exhibits to be used by the Government at trial.   The Government will also provide a trial witness list to the Defendants at that time.   Accordingly, that information will more than sufficiently provide the Defendants with notice of the particulars of the Government's case against them and prevent unfair surprise.

**C.      Detailed Information in Multiple Government Pretrial Filings**

Third, in multiple filings of the Government, including its recent 404(b) Motion and

Expert Witness Notice, the Government has provided detailed descriptions of the charged

conspiracy and the evidence to be introduced against the Defendants at trial.   Those pretrial

filings include the following:

> **1.      A thirteen-page document summarizing both the direct evidence of the cocaine conspiracy case against the Defendants and possible Rule 404(b) evidence.**

On January 15, 2015, the Government filed its detailed 404b Motion.   In that motion, the

Government provided not only its position regarding evidence of other crimes, wrongs, or acts of

the Defendants, but also a detailed synopsis of the conduct which forms the basis of the charged

conspiracy.   In particular, the Government set forth the precise roles of the Defendants and their

co-defendants in the charged conspiracy, including the locations where the Defendants intended

to traffic cocaine, the roles of the various associates and co-conspirators of the Defendants, the

methods of cocaine transportation, the cocaine quantities involved, and examples of specific

coded terms used.   The Motion also lists the particular type and quantity of the Government's

evidence (including wiretap calls, text messages, email messages, witness testimony, and

financial records) that will be offered as proof at trial of the charged conspiracy.

For example, in its 404(b) Motion, the Government identified both Defendants

Thompson and Knowles as being based in Santa Marta, Colombia, during the charged

conspiracy, and identified Nassau, Bahamas-based co-defendants Dario Davis and Trevor

Ferguson as individuals that identified and acquired specific boats, aircraft, and pilots available

for use in the conspiracy to traffic and transport cocaine.   The filing also provided specific

examples of the Defendants discussing the use of multiple aircraft of varying registry and/or

boats to transport ton quantities of cocaine.   The particular types of aircraft and tail numbers for

aircraft are clearly identified in various telephone conversations, text messages, and email

messages of the Defendants and their co-conspirators.   As described above, the evidence of both

intrinsic and arguable 404(b) evidence has already been produced to the Defendants as part of

discovery, and further described with specificity in the Government's 404(b) filing, which

includes examples of calls, text messages, and expected witness testimony.

### 2.   A five-page document listing detailed proffered testimony of at least nine Government expert witnesses regarding the charged conspiracy

In its Expert Witness Notice, the Government made a detailed showing for the

Defendants of the expected testimony of each likely expert witness.   In particular, the

Government set forth detailed notice of the testimony of two Colombian National Police wiretap

investigators whose testimony will include the identification, acquisition, and use of various

aircraft and boats to transport large quantities of cocaine, including the logistics of

transportation.   Their testimony will also include the fees and profits paid and received by the

various pilots, aircraft and boat owners and brokers, and the cocaine sources of supply.   As a

result, this information, along with the voluminous detailed discovery already produced, readily

aid the Defendants in understanding the particulars of the Government's evidence against them.

Accordingly, apart from the significant discovery disclosed to date, the Defense has also

been put on notice of the particulars of the Government's criminal case through various

pleadings filed to date by the Government.   In light of the above, it can hardly be said that the

Defense is without the information it needs to fairly and adequately prepare its defense, much

less that the Defense faces unfair or prejudicial surprise at trial in the absence of this Court

ordering the government to prepare a bill of particulars.   In short, the information sought by the

defense in a bill of particulars *has already been disclosed to them*, including the exact date(s), time(s), and place(s) when the Defendants and their conspirators participated in overt acts in support or furtherance of the charged conspiracy in this case or subsequently engaged in any overt act in support or furtherance of the conspiracy; a precise description of the nature of any acts or statements that the Defendants or their conspirators allegedly engaged in or uttered in support or furtherance of the claimed conspiracy in this case, as well as the exact date(s), time(s), and place(s) of these acts or statements.   The wiretap calls, text messages, and email messages put the defendants on notice as to which persons were allegedly co-conspirators, when they joined or left the alleged conspiracy, and exactly what their participation was, as well as what part of the conspirator conduct would have been known to the Defendants or was reasonably foreseeable.   Not insignificant to this analysis is that the majority of the communications to be used as evidence against each Defendant is that Defendant's own communications and, thus, in a language with which he is familiar.   Although the Defendants seek from the Government a detailed explanation of the evidence in this case, a diligent review of the discovery produced would accomplish the same result.   As the D.C. Circuit Court of Appeals noted in *Mejia*, 448 F.3d at 446, to the extent that the Defendants feel ambushed, it is "not because the government was lying in wait, but because the defendants [are] not looking."   *See also United States v. Hubbard*, 474 F. Supp. 64, 81 (D.D.C. 1979) ("If the government has disclosed this information, the Court does not see why the government rather than the defendants should ferret it out.").

Finally, to the extent the Defense seeks the name of each person present when overt acts were committed or of all persons having information or knowledge demonstrating that the Defendants conspired with anyone, the Defense is not entitled to the Government's witness list at

this time (nor is the Government required to identify the overt acts engaged in by their clients although much of the overt acts have already been described in detail for the defense).   Again, counsel need only review the discovery disclosed or ask their clients for the names of individuals with whom their clients participated in the recorded conversations because they were most often the defendants' own close drug associates; indeed, most of the recorded calls were conducted over the defendants' mobile telephones.   The identities of many of the participants to the conspiracy have already been adequately identified by the Government.   When the requested information is available in the voluminous discovery, the case law in this district recognizes that a bill of particulars is not be required.   *United States v. Brodie,* 326 F. Supp. 2d at 91-92, citing *United States v. Butler,* 822 F.2d 1191, 1193 (D.C. Cir. 1987).

## IV.   <u>Conclusion</u>

Ultimately, the defendant's sweeping request not only goes well beyond what a bill of particulars would traditionally include and this District Court has historically ordered, but a bill of particulars is not warranted in this case based on the broad and detailed discovery produced to the defendants to date, the clearly-stated language of the indictment, and the further detailed explanation of the evidence, including examples, contained in the Government's multiple pretrial filings discussed herein; all of which more than adequately apprises them of the charges and evidence, and avoids unfair surprise at trial.

WHEREFORE, the government respectfully requests that this Honorable Court make a finding that a bill of particulars is not necessary for the defendants to understand the charges in this

19

case or to prepare their defense, and therefore deny defendant Knowles' motion for a bill

of particulars.

Respectfully submitted this 13th day of February, 2015.

ARTHUR G. WYATT, Chief
Narcotic and Dangerous Drug Section


By:   _____/s/_____
Paul Joseph (D.C. Bar # 448495)
Brian Sardelli
Vernon Miles
Trial Attorneys
Narcotic and Dangerous Drug Section
U.S. Department of Justice / Criminal Division
145 N Street, NE
Washington, DC 20530
Main Office: (202) 514-9644
Fax: (202) 514-0483
Paul.Joseph2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing GOVERNMENT'S OPPOSITION
RESPONSE TO DEFENDANT'S MOTION FOR A BILL OF PARTICULARS was filed by
ECF/CM on this 13th day of February 2015, and that a Notice of Electronic (NEF) filing will be
served on counsel for defendants Thompson and Knowles.

Respectfully submitted,

ARTHUR G. WYATT, Chief
Narcotic and Dangerous Drug Section
By:   _____/s/_____
Paul Joseph (D.C. Bar # 448495)
Attorney, Narcotic and Dangerous Drug Section
U.S. Department of Justice
145 N Street, NE
Washington, DC 20530
Main Office: (202) 514-9644
Fax: (202) 514-0483
Paul.Joseph2@usdoj.gov