UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Crim. Case No. 1:12 – cr – 266 (RWR) |
| DWIGHT WARREN KNOWLES,<br>Defendant. | |

**DEFENDANT KNOWLES' OPPOSITION TO THE
GOVERNMENT'S RULE 404 (b) MOTION (ECF #55)**

**COMES NOW DEFENDANT,** Dwight Knowles, through undersigned counsel, and respectfully submits this Opposition to the government motion addressing potential Rule 404 (b) evidence to be used at a trial in the above captioned case. *See* ECF Doc. 55. Fed.R.Evid. 404 (b). For the reasons and authority set forth below, and for points that may be argued at a hearing, Mr. Knowles respectfully requests that the government motion be denied.

**Concise Argument**

Mr. Knowles respectfully submits that the government proposed "other crimes" evidence fails to be nothing more than inadmissible propensity evidence, and any possible probative value is far outweighed by its prejudicial impact. Additionally, Mr. Knowles respectfully submits that the government's intended Rule 404(b) evidence actually serves to violate the doctrine of specialty by adding additional years of alleged criminal conduct, multiple conspiracies, new co-defendants, and unlimited overt acts. For these reasons, Mr. Knowles respectfully requests that the Court deny the government motion.

**Federal Rule of Evidence 404 (b)**

The introduction of "other crimes, wrongs or acts" evidence would be extremely prejudicial to the defense of Mr. Knowles. Rule 104 of the Federal Rules of Evidence empowers the court to decide preliminary questions of admissibility. Analysis of Rule 404 (b) proffered material requires a two-step test to determine if prior "bad acts" evidence is admissible. *Clarke v. United States,* 24 F.3d 257, 264 (D.C.Cir. 1994). "The first step requires that the evidence be probative of some material issue other than character," or propensity. *Id.; see also, Huddleston v. United States,* 485 U.S. 681, 686 (1988). Next, if the contested evidence is offered for a permissible purpose, "the second step requires that the evidence not be inadmissible under Rule 403." *Clark, supra,* 24 F.3d at 264. In other words, the "probative value of the evidence [must] not be 'substantially outweighed' by its potential prejudice." *United States v. Miller,* 895 F.2d 1431 (D.C.Cir.)(*quoting, Huddleston,* 485 U.S. at 687), *cert. denied,* 498 U.S. 825 (1990).

By disclosing Rule 404 (b) evidence prior to trial, preliminary questions of admissibility can be litigated beforehand and eliminate needless disruptions during trial. Pre-trial disclosure will also allow the defense an opportunity to prepare to meet the "bad acts" evidence on its merit and prevent prejudicial surprise to the defense and litigation by ambush. *See United States v. Baum,* 482 F.2d 1325, 1331 (2nd Cir. 1973). Moreover, the defense is prejudiced if it is surprised and unable to counter the evidence. Counsel should have an opportunity to investigate in order to show that the evidence does not meet the requisite standard. *Huddleston v. United States,* 485 U.S. 681, 689-691 (1988).

In this jurisdiction, merely providing such evidence to the defense in discovery is not enough to satisfy the notice requirements of Rule 404 (b). The rule requires that the prosecution

specifically disclose "the general nature of any such evidence it intends to introduce at trial." *United States v. Spinner,* 152 F.3d 950 (D.C.Cir. 1998). Such a disclosure is wholly absent in the government motion.

In Mr. Knowles' case, the government argues for an extraordinary expansion of alleged misconduct, or "bad-acts." Specifically, the government identifies their *intent* to introduce:

> …similar narcotics trafficking conduct committed by Defendants Thompson and Knowles ***prior to, and after, the time period of the charged conspiracy*** of on or about May 2011 through December 12, 2012.

Gov 404 (b) Motion, p.2 (Emphasis added.). The government continues their expanding universe of potential evidence by further expressing their *intent* to:

> …admit evidence of narcotics trafficking conduct involving transportation, not just by means of United States (US)-registered aircraft, ***but also by means of non-US registered aircraft, boats, and/or other types of transportation in furtherance of the charged conspiracy.***

Gov 404 (b) Motion p.2 (Emphasis added.)..

While this Opposition calls into question the government's intent, quite frankly, the government has failed to identify what evidence they intend to identify so the Court may conduct a proper Rule 404 (b) analysis. It is because of this uncertainty that Mr. Knowles has filed a Bill of Particulars in an effort to identify what the government intends to identify or attempt to present to a jury. *See* Defense Bill of Particulars, ECF Doc. 57. Accordingly, the Court should deny the government motion.

**Doctrine of Specialty**

The doctrine of specialty was first recognized by the Supreme Court in *United States v. Rauscher,* 119 U.S. 407 (1886). It generally prohibits extraditing countries from prosecuting a defendant on charges other than those for which he was specifically extradited. *United States v.*

*Levy*, 25 F.3d 146, 159 (2nd Cir. 1994). As a general principle, the doctrine "reflects a fundamental concern of governments that persons who are surrendered should not be subject to indiscriminate prosecution by the receiving government..." *Fiocconi v. Attorney General of the United States*, 462 F.2d 475, 481 (2nd Cir.), *cert. denied*, 409 U.S. 1059 (1972). It is based upon international comity, and requires that the petitioning nation adhere to express limitations placed on prosecution by the surrendering nation. *United States v. Cuevas*, 496 F.3d 256, 262 (2nd Cir. 2007); *United States v. Baez*, 349 F.3d 90, 92 (2nd Cir. 2003).

Violation of any such limitations may be taken as an affront by the surrendering state. The *Rauscher* Court held that it was "impossible to conceive" of an exercise of jurisdiction that could ignore the doctrine of specialty "without an implication of fraud upon the rights of the party extradited and of bad faith to the country which permitted his extradition." *Supra* at 422. "Because the surrender of the defendant requires cooperation of the surrendering state, preservation of the institution of extradition requires that the petitioning state live up to whatever promises it made in order to obtain extradition. Thus, the doctrine of specialty is not truly an exception to the rule of *Ker v. Illinois*, 119 U.S. 436 (1886), that courts will not inquire into how personal jurisdiction was obtained over a defendant. Rather, the concern is with the satisfaction of the petitioning country's obligations." *United States v. Najohn*, 785 F.2d 1420 (9th Cir. 1986). (internal citations omitted); *see also United States v. Saccoccia*, 58 F.3d 754, 766 (1st Cir. 1995) (A petitioning state must comply with a surrendering state's limitations because "preservation of the institution of extradition requires the continuing cooperation of the surrendering state.").

The doctrine of specialty "requires a correspondence between the charges contained in the indictment and the facts presented" to the surrendering state. *Sensi, supra* at 895. In the United

4

States, "the prosecution may go forward if it is **based on the same facts** as those set forth in the request for extradition." *Restatement (Third) of Foreign Relations Law of the United States §477*, comment a (Emphasis added.). The test focuses on the evidentiary material submitted to the surrendering nation. *Sensi* at 896.

The doctrine of specialty directly impacts the jurisdiction of a district court over an extradited defendant, but it does not relate to evidentiary issues.

> It is clear ... that even as the specialty doctrine has been defined and broadened in this century, ***it has never been construed to permit foreign intrusion into the evidentiary or procedural rules of the requisitioning state, as distinguished from limiting the jurisdiction of domestic courts to try or punish the fugitive for any crimes committed before the extradition, except the crimes for which he was extradited.***

*United States v. Flores*, 538 F.2d 939, 944 (2nd Cir. 1976). (Emphasis added.) *See also United States v. Guevara*, 443 Fed.Appx 641, 643 (2nd Cir. 2011) (Summary Order) ("In *United States v. Levy*, we observed that "unlike protections such as the Double Jeopardy Clause, the doctrine of specialty does not guarantee a right not to be tried, but rather a right to be protected from a court's authority." The rule of specialty is thus a limitation on the district court's jurisdiction..."). (Internal citations omitted.) Yet, the government's own motion relieves the Court of this consideration, since the government argues (no less than ten times) that the proposed evidence is "*inextricably intertwined*" to the conspiracy. Gov 404 (b) Motion pp. 2,5,6,8,10,11. Therefore, it has become clear that the charge upon which Mr. Knowles was extradited has now been impermissibly expanded – or the attempt is being made by the government.

Mr. Knowles was extradited at the request of the United States from Colombia. Colombia explicitly conditioned his extradition upon Mr. Knowles not being tried or punished

5

for any *acts* that were not included in the request for his extradition.  The doctrine of specialty mandates that the United States abide by all conditions set by Colombia as the surrendering nation.  As a result, the doctrine limits the jurisdiction of this Court.  If the United States fails to abide by the conditions set by Colombia, a violation of the doctrine occurs and Mr. Knowles is entitled to have the subject indictment against him dismissed.  Mr. Knowles respectfully submits that the question before this Honorable Court, therefore, is whether the government's intended Rule 404 (b) motion violates the doctrine of specialty when it adds additional years of alleged criminal conduct, multiple conspiracies, new co-defendants, and unlimited overt acts.

**WHEREFORE,** Mr. Knowles respectfully requests that the Court deny the government's motion.

Date:  February 20, 2015

        **RETURETA & WASSEM, P.L.L.C.**

By: _____
Manuel J. Retureta, Esq.
District of Columbia Bar  430006
717 D Street, NW ~ Suite 300
Washington, D.C.  20004
O - 202.450.6119  /  F - 202.450.6109
MJR @ RETURETAWASSEM.COM
*Defense Counsel for Dwight Knowles*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of February 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system thereby serving all parties related to this case.

**By:** _____
Manuel J. Retureta, Esq.