UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No. 12-cr-266-01 (RWR) |
| : | |
| SERGIO GONZALEZ-BENCOMO, : | |
| a/k/a "Juan Manuel Rivas," : | |
| a/k/a "Mane," : | |
| a/k/a "Manny," : | |
| a/k/a "Cuba," : | |
| : | |
| Defendant. : | |

## JOINT STATEMENT OF STIPULATED FACTS

1. The following statement of facts does not purport to include all of the illegal conduct of the Defendant **Sergio Gonzalez Bencomo** (hereinafter, "Defendant") during the course of his charged offense. Nor does it purport to be an inclusive recitation of all that the Defendant heard, knew, or witnessed concerning the illegal activities of himself or those of his conspirators. It represents sufficient information for the Court to find a factual basis for accepting the Defendant's guilty plea in the above-captioned matter. Had the Defendant proceeded to trial, the Defendant agrees that the Government's evidence would show the following beyond a reasonable doubt:

2. Beginning prior to May 2011 and continuing to at least March 2013, in the

Bahamas, Colombia, Haiti, Venezuela, the Dominican Republic, and elsewhere, the Defendant did unlawfully, knowingly, willfully, and intentionally conspire with others known and unknown to distribute, and possess with intent to distribute, five kilograms or more of cocaine on board an aircraft registered in the United States and owned by a United States citizen, in violation of Title 21, United States Code, Sections 959(b), 960, and 963.

3.     During the course of, and in furtherance of the conspiracy, the Defendant knowingly assisted drug-trafficking co-conspirators, including Dwight Knowles, a/k/a "Arizona," (hereinafter, "Knowles") and Oral George Thompson, a/k/a "Chad," (hereinafter, "Thompson") by arranging for the acquisition and use of various United States-registered aircraft for the transportation of multi-ton quantities of cocaine from Venezuela to various locations, including Honduras.

4.     Starting in as early as 2011, the Defendant agreed with multiple co-conspirators, including Knowles, in Colombia, Venezuela, Honduras, the Dominican Republic, Haiti, the Bahamas, Turks and Caicos, Belize, Panama, the United States, and elsewhere to participate in a conspiracy to transport multi-thousand kilogram quantities of cocaine onboard aircraft registered in the United States.  Specifically, in mid-2011, the Defendant and Knowles, who was working closely with Thompson, agreed to use the services of a Bahamas-based pilot, co-

defendant Dario Davis (hereinafter, "Davis"), and Bahamas-based co-defendant Trevor Ferguson (hereinafter, "Ferguson") to identify, acquire, and transport United States-registered aircraft located in the Bahamas and elsewhere for this illicit scheme.  As an example of one of the aircraft included in the Defendant's conspiracy with others, the Defendant and Knowles, who worked closely with Thompson, extensively negotiated with numerous drug-traffickers for Davis to transport ton quantities of cocaine on board a United States-registered Beechcraft 1900 aircraft bearing the tail number N157PA, located in the Bahamas. The Defendant discussed with Knowles and others, the fees to be charged for arranging these flights, the cargo capacities of the aircraft, the costs for fuel for these flights, bribing various air traffic control towers to permit the entry and departure of the aircraft, and the flight routes for the aircraft.  For example, the Defendant and Knowles discussed splitting the profit between themselves for successfully using the N157PA aircraft in this scheme.  The Defendant also arranged for associates to inspect the aircraft prior to their use as well as to transfer money to be used to lease the aircraft.  The Defendant was also aware that, upon the seizure of the N157PA aircraft in Haiti on May 24, 2012, Knowles, Thompson, and others undertook efforts to secure the release of the aircraft, Davis, and Ferguson, so that the cocaine-transportation mission could continue.

3

5. As noted above, in May 2012, the N157PA aircraft was seized in Haiti en route to acquire a cocaine shipment arranged by the Defendant, Knowles, and their co-conspirators. After the seizure of that aircraft and the arrest of the pilot, co-defendant Davis, the Defendant made efforts to secure the release of the aircraft and the release of co-defendant Davis, so that the United States-registered N157PA aircraft could be used to transport cocaine. Upon the successful release of the aircraft, the Defendant, Knowles, and Thompson expected Davis to continue to fly the N157PA aircraft to Venezuela to acquire the ton-quantities of cocaine for transportation.

6. In addition to attempting to utilize the N157PA aircraft, the Defendant, Knowles, and many other co-conspirators negotiated with various aircraft owners and brokers, pilots, cocaine brokers and investors, and cocaine sources of supply in Central and South America, the Caribbean, and North America to obtain various aircraft, including United States registered aircraft, and boats to transport large quantities of cocaine. The negotiations to use the various other aircraft and boats between May 2011 and March 2012, as well as the negotiations prior to and after those dates, are not detailed further in this Statement of Facts.

7. The Defendant agrees that venue and jurisdiction lie with this Court.

8. This Statement of Facts does not purport to include all the Defendant's

4

illegal or relevant sentencing conduct during the course of his conspiracy. Nor does it purport to be an inclusive recitation of all that the Defendant heard, knew, or witnessed concerning his illegal activities or those of his co-conspirators. The Defendant acknowledges that there are additional details about his involvement in the drug trafficking conspiracy that are not included in this statement.

9. The Defendant also agrees that his participation as a conspirator in the above-described acts was in all respects knowing, intentional, and wilful, reflecting an intention

and deliberation to do something the law forbids, and was not in any way the product of any accident, mistake of law or fact, duress, entrapment, or public authority.

### DEFENDANT'S ACKNOWLEDGMENT

I have discussed this factual proffer with my attorney, Stephen Brennwald, Esq. I fully understand this factual proffer. I agree and acknowledge by my signature that this proffer of facts is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this factual proffer fully.

_S. Gonzalez  S. Gonzalez_     2/23/15   2/25/15
Sergio Gonzalez Bencomo                    Date
Defendant

### ATTORNEY'S ACKNOWLEDGMENT

I am the attorney for Sergio Gonzalez Bencomo. I have carefully reviewed the above JOINT STATEMENT OF STIPULATED FACTS with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_[signature]_                              2/23/15   2/25/15

Stephen F. Brennwald, Esq.                 Date
Attorney for Defendant

6