UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 12-cr-266-01 (RWR) |
| ) | |
| SERGIO GONZALEZ-BENCOMO, ) | |
| a.k.a. "Juan Manuel Rivas" ) | |
| a.k.a. "Mane" ) | |
| a.k.a. "Manny" ) | |
| a.k.a. "Cuba," ) | |
| ) | |
| Defendant. ) | |

## PLEA AGREEMENT

The United States of America, through the Narcotic and Dangerous Drug Section of the Criminal Division, United States Department of Justice (hereinafter referred to as the "United States" or "Government") and Sergio GONZALEZ-BENCOMO (hereinafter referred to as the "Defendant") enter into the following agreement (hereinafter, "Plea Agreement"):

1. The Defendant agrees to plead guilty to Count One of Indictment number 12-cr-266-01, filed on December 12, 2012, charging the Defendant and other co-conspirators with knowingly, willfully, and intentionally combining, conspiring, confederating, and agreeing with others to commit the following offense against the United States: conspiracy to distribute, and possess with intent to distribute, five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine on board an aircraft registered in the United States and owned by a United States citizen, in violation of 21 U.S.C. §§ 959(b) and 960 (b)(1)(B), all in violation of 21 U.S.C. § 963, and 18 U.S.C. § 2.

2. The Defendant agrees to the Joint Statement of Stipulated Facts signed by him which is attached to this Plea Agreement and incorporated herein.

3. The Defendant understands that the crime to which the Defendant is pleading guilty carries a statutory minimum term of imprisonment of ten (10) years and a maximum term of life imprisonment, a fine not to exceed $10,000,000 and a period of supervised release of at least five (5) years. The Defendant also understands that he will not be able to withdraw his guilty plea if he believes the sentence the Court imposes is too harsh.

4. The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph three of this Plea Agreement, a special assessment in the amount of $100 will be imposed. The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

5. The Defendant understands that the Court will impose a sentence in accordance with the factors set forth in 18 U.S.C. § 3553(a). Moreover, the Defendant understands that pursuant to the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), the federal courts are not bound by the Federal Sentencing Guidelines, but must consult those Guidelines and take them into account when sentencing. The Defendant understands further that this means the Court may impose a sentence that is either more severe or less severe than the advisory guideline range. The Defendant thus understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph one and that the Defendant may not withdraw the plea if his sentence is at or below the statutory maximum sentence.

6. The United States promises to inform the Court and the probation office of all facts

pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background.

7. Although not binding on the Court, or U.S. Probation, the parties agree that the Sentencing Guidelines calculation, based on the applicable law as of the date of this Plea Agreement, is as follows:

  a. Under §§ 1B1.3 and 2D1.1(c)(1) of the Sentencing Guidelines, the Defendant is accountable for distribution of four hundred and fifty (450) kilograms or more of cocaine, and that, pursuant to § 2D1.1(c)(1) of the Sentencing Guidelines, the base offense level without adjustments for the crime to which the Defendant is pleading guilty is **38**.

  b. The parties agree that the Defendant's conduct does not support an aggravating or mitigating role adjustment under Sentencing Guidelines § 3B1.

  c. The Government agrees that it will not seek upward departures from the otherwise applicable guideline range established by the Sentencing Guidelines. The Defendant further understands and acknowledges that the terms of this paragraph apply only to conduct that occurred prior to the execution of this Plea Agreement. Should the Defendant commit any conduct after the date of this Plea Agreement that would form the basis for an increase in his base offense level or justify an upward departure (examples of which include but are not limited to, obstruction of justice,

failure to appear for a court proceeding, criminal conduct while pending sentencing, violations of any conditions of release, and false statements to any law enforcement agent, probation officer or Court) the Government is free under this Plea Agreement to seek an increase in the base offense level or an upward departure based on that post-agreement conduct.

  d. The parties agree that, if the Defendant's criminal history is Category I, the Defendant should receive a two-level reduction pursuant to Sentencing Guidelines § 2D1.1(b)(16) because the Defendant meets the criteria set forth in subdivisions (1) through (5) of Sentencing Guidelines § 5C1.2(a).

  e. The parties agree that the Defendant may seek a downward departure or variance from the otherwise applicable guideline range established by the Sentencing Guidelines and the Court, assuming the basis for such a departure or variance motion is not otherwise inconsistent with the cooperation terms and conditions of this agreement. However the Government may oppose any such arguments.

  f. The parties have no agreement as to Defendant's criminal history category.

  8. The United States agrees that it will recommend at sentencing that the Court reduce by three (3) levels the sentencing guideline level applicable to the Defendant's offense pursuant to § 3E1.1 of the Sentencing Guidelines, based on the Defendant's recognition and affirmative and timely acceptance of personal responsibility. However, the United States will not be required to make this recommendation under § 3E1.1 if the Defendant:

    a.    fails or refuses to make full, accurate, and complete disclosure to the Probation Office of the circumstances surrounding the relevant offense conduct; or

    b.    is found to have misrepresented facts to the Government prior to or after entering this Plea Agreement; or

    c.    commits any misconduct after entering into this Plea Agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

9.    The United States and the Defendant agree that pursuant to the application of the above-enumerated Sentencing Guidelines, including § 3E1.1(b), if the Defendant's criminal history is Category I, the Defendant's Total Offense Level would be 33 or a Guidelines range of 135 to 168 months of incarceration.

10.    The Defendant agrees that he shall cooperate fully with the United States by:

    a.    providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by the United States, whether in interviews, before a grand jury, or at any trial or other court proceeding;

    b.    appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by the United States;

c. not revealing his cooperation, or any information derived therefrom, to any third party without prior consent of the Narcotic and Dangerous Drug Section;

d. understanding that the Defendant may not falsely implicate an innocent person in the commission of a crime, or exaggerate the involvement of any person in the commission of a crime in order to appear to be cooperative, or falsely minimize the involvement of any person, including himself, in the commission of a crime in order to protect that person;

e. consenting to an adjournment of his sentencing until his cooperation has been completed, as determined by the United States, so that the Court will have the benefit of all relevant information before a sentence is imposed;

f. understanding that the Defendant's cooperation with the United States is a continuing obligation, which continues beyond the date of his sentencing;

g. acknowledging that any refusal by the Defendant to cooperate fully, truthfully, completely and forthrightly as directed by the Government with law enforcement authorities identified by the Government in any and all matters in which the Government deems his assistance relevant will constitute a breach of this Plea Agreement by the Defendant, and will relieve the Government of its obligations under this Plea Agreement, including but not limited to its obligation to consider filing a departure motion pursuant to Section 5K1.1 of the Federal Sentencing Guidelines, Rule 35 of the Federal Rules of Criminal Procedure, and/or 18 U.S.C. §

        3553(e). The Defendant agrees, however, that such breach by him will not constitute a basis for withdrawal of his plea of guilty or otherwise relieve him of his obligations under this Plea Agreement.

    h.    understanding and acknowledging that nothing in this Plea Agreement allows the Defendant to commit any criminal violation of local, state, federal, international or foreign law during the period of his cooperation with law enforcement authorities or at any time prior to the sentencing in this case. The commission of a criminal offense during the period of his cooperation or at any time prior to sentencing will constitute a breach of this Plea Agreement and will relieve the Government of all of its obligations under this Plea Agreement, including but not limited to its obligation to consider filing a departure motion pursuant to Section 5K1.1 of the Sentencing Guidelines, Rule 35 of the Federal Rules of Criminal Procedure, and/or 18 U.S.C. § 3553(e). However, the Defendant acknowledges and agrees that such a breach of this Plea Agreement will not entitle him to withdraw his plea of guilty or relieve him of his obligations under this Plea Agreement. The Defendant further understands that, to establish a breach of this Plea Agreement, the Government need only prove the Defendant's commission of a criminal offense by a preponderance of the evidence.

11.    The Defendant agrees to the forfeiture set forth in the Forfeiture Allegation in the Indictment to which he is pleading guilty. Specifically, the Defendant agrees to:

a. a money judgment for a sum of money equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to the offense of conspiracy.

b. The Defendant agrees that the proffer of evidence supporting the Defendant's guilty plea is sufficient evidence to support this forfeiture. The Defendant agrees that the Court may enter a Consent Order of Forfeiture for this property at the time of his guilty plea or at any time before sentencing. This Order of Forfeiture will be a part of the Defendant's sentence.

c. The Defendant agrees that this plea agreement permits the government to seek to forfeit any of his assets, real or personal, that are subject to forfeiture under any federal statute, even though this agreement does not specifically identify such an asset. Regarding any asset or property not identified specifically in this plea agreement, the Defendant agrees to forfeiture of all interest in: (1) any and all property constituting, or derived from, any proceeds he obtained, directly or indirectly, as the result of the violation to which he is pleading guilty; (2) any of the Defendant's property used, or intended to be used to, in any manner or part, to commit, or to facilitate the commission of, such violation; (3) any substitute assets for property otherwise subject to forfeiture.

d. By this plea agreement, the Defendant further agrees to withdraw any claim to any seized assets and that he has waived any and all interest he has in

these assets or properties and consented to their forfeiture by whatever process the government chooses. The Defendant agrees that the government may use this waiver and consent in any administrative or judicial forfeiture proceeding, whether criminal or civil, state, local or federal. If the Defendant already has filed a claim to any of these assets or property in any forfeiture process, he hereby agrees to withdraw it. He also agrees that he will not file a claim to any of these assets or property in any future forfeiture proceeding of whatever type. In the event that the law enforcement agency having custody of the property decides not to pursue forfeiture of the property due to its minimal value, the defendant hereby abandons any interest he has in such property and consents to its destruction by the law enforcement agency.

e. The Defendant agrees that the government may choose in its sole discretion how it wishes to accomplish forfeiture of the property whose forfeiture he has consented to in this plea agreement, whether by criminal or civil forfeiture, using judicial or non-judicial forfeiture processes. If the government chooses to effect the forfeiture provisions of this plea agreement through the criminal forfeiture process, the Defendant agrees to the entry of orders of forfeiture for such property and waives the requirements of Federal Rule of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The

        Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case, and he waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time of his guilty plea.

f.     The Defendant agrees to take all necessary actions to identify all assets over which the Defendant exercises or exercised control, directly or indirectly, at any time since September 2012, or in which the Defendant has or had during that time any financial interest. The Defendant will complete and provide to the undersigned Trial Attorney a standard financial disclosure form, which has been provided to him with this plea agreement, within 10 days of the execution of this plea agreement. The Defendant agrees to take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by the Defendant. The Defendant agrees to provide and/or consent to the release of the Defendant's tax returns for the previous five years. The Defendant agrees to take all steps as requested by the Government to pass clear title to forfeitable interests or to property to the United States and to testify truthfully in any judicial forfeiture proceeding.

g.     The Defendant agrees to waive all constitutional and statutory challenges in any manner (including, but not limited to, direct appeal) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

12. The Defendant further agrees to submit to interviews whenever and wherever requested by law enforcement authorities regarding all assets within his possession or those assets transferred or sold to or deposited with any third party as outlined within the preceding paragraph. It is also understood that Defendant will fully cooperate in providing any and all financial information and documentation, agrees to voluntarily execute a complete and thorough Financial Statement, Form OBD-500.

13. The Defendant agrees that, pursuant to 18 U.S.C. § 3143, he shall remain detained without bond pending his sentencing in this case.

14. The Defendant acknowledges and understands that during the course of the cooperation outlined in this Plea Agreement the Defendant will be interviewed by law enforcement agents and/or Government attorneys and that he has the right to have defense counsel present during these interviews. After consultation with counsel, and with counsel's concurrence, the Defendant knowingly and voluntarily waives this right and agrees to meet with law enforcement agents and Government prosecutors outside of the presence of counsel. If at some future point counsel or the Defendant desire to have counsel present during interviews by law enforcement agents and/or Government attorneys, and counsel or the Defendant can communicate that decision in writing to the Narcotic and Dangerous Drug Section, the Government will honor this request, and this change will have no effect on any other terms and conditions of this Plea Agreement.

15. The Defendant acknowledges discussing with counsel Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a Defendant in the course of plea discussions or plea proceedings if a

guilty plea is later withdrawn. The Defendant knowingly and voluntarily waives the rights which arise under these rules. As a result of this waiver, the Defendant understands and agrees that any statements which are made in the course of his guilty plea or in connection with his cooperation pursuant to this Plea Agreement will be admissible against him for any purpose in any criminal or civil proceeding if his guilty plea is subsequently withdrawn. Moreover, in the event his guilty plea is withdrawn, he agrees that the Government will be free to use against him in any criminal or civil proceeding any statements made during the course of any debriefing conducted in anticipation of this Plea Agreement, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

16. The United States shall evaluate the nature and extent of the Defendant's cooperation, and agrees to make that cooperation known to the Court at the time of sentencing. If, in the sole and unreviewable judgment of the United States, the Defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure of the sentence recommended or advised by the Sentencing Guidelines or the Court's imposition of a sentence below the statutory mandatory minimum sentence, the United States will at or before sentencing make a motion pursuant to § 5K1.1 of the Sentencing Guidelines, 18 U.S.C. § 3553(e), and/or file a Rule 35 motion subsequent to sentencing, reflecting that the Defendant has provided substantial assistance and recommending a sentence reduction. The Defendant acknowledges and agrees, however, that nothing in this Plea Agreement may be construed to require the United States to file such motions and the assessment made by the United States of the nature, value, truthfulness, completeness, and accuracy of the Defendant's cooperation shall be binding on the Defendant. Moreover, even

if the Government files a motion pursuant to § 5K1.1 of the Sentencing Guidelines, the Government reserves the right not to file an 18 U.S.C. § 3553(e) motion and nothing in this Plea Agreement obligates the Government to file an 18 U.S.C. § 3553(e) motion. Nothing in this Plea Agreement limits the right of the Defendant to advise the Court of the full nature and extent of his cooperation at the time of sentencing.

17. The Defendant understands and acknowledges that the Court is under no obligation to grant a Government motion pursuant to U.S.S.G. § 5K1.1, 18 U.S.C. § 3553(e), and/or Rule 35 of the Federal Rules of Criminal Procedure, as referred to above, should the Government exercise its discretion to file such a motion(s).

18. The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, or the Government, is a prediction, not a promise, and is not binding on the Government or the Court. The Defendant understands further that any recommendation that the Government makes to the Court as to sentencing, whether pursuant to this Plea Agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The Defendant understands and acknowledges that the Defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, the Government, or a recommendation made jointly by both the Defendant and the Government.

19. The Defendant understands that his compliance with each part of this Plea Agreement extends throughout and beyond the period of his sentence, including any period of supervised release, and failure to abide by any term of the Plea Agreement is a violation of the

Plea Agreement. The Defendant further understands that in the event that he violates this Plea Agreement, the Government, at its option, may either move to vacate the Plea Agreement, rendering it null and void, and thereafter prosecute the Defendant not subject to any of the limits set forth in this Plea Agreement, or to resentence the Defendant. The Defendant understands and agrees that in the event that this Plea Agreement is breached by the Defendant, and the Government elects to void the Plea Agreement and prosecute the Defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Plea Agreement may be commenced against the Defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Plea Agreement and the commencement of such prosecutions.

20. In the event that the Defendant is ever a witness at any trial or other judicial proceeding or presents evidence through other witnesses or his defense counsel, and his testimony or such evidence presented through others is different from, contradicts or in any manner is inconsistent with statements made or information supplied by him pursuant to this Plea Agreement, the attorney for the United States may cross-examine the Defendant and other witnesses concerning any such prior statements or evidence. Contrary evidence regarding such prior statements or information may also be introduced by the United States as rebuttal evidence or direct evidence in other future related proceedings.

21. Nothing in this Plea Agreement shall be construed to prohibit the United States from using any statements, information, documents, or physical evidence obtained from the Defendant pursuant to this Plea Agreement to prosecute him for perjury, false statement, and/or

obstruction of justice or any other offense committed by him during or after his cooperation with the United States.

22.     If, at any time during the Defendant's cooperation with the United States under this Plea Agreement, the United States determines that he has provided any information or evidence that is not truthful or complete, or if he does not provide assistance or testimony upon request, the obligations of the United States under this Plea Agreement may be terminated by the United States.

23.     The statement of stipulated facts does not contain all the relevant conduct in this case. The government is permitted to supplement the factual record in preparation for, and at, sentencing. The United States reserves the right to dispute sentencing factors or facts material to sentencing and to use any information or material, whether or not obtained from the Defendant pursuant to this Plea Agreement, to correct any factual errors asserted by the Probation Office or the Defendant.

24.     The Defendant represents to the Court that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is in fact guilty, and represents to the Court that he is fully satisfied with the legal advice, guidance and representation he has received from his attorney.

25.     The Defendant is aware that 18 U.S.C. § 3742 affords the Defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this Plea Agreement, the Defendant hereby knowingly waives all rights conferred by 18 U.S.C. § 3742 to appeal his finding of guilty, his conviction, and any sentence imposed on any ground whatsoever, including any restitution order, or to appeal the

manner in which the sentence was imposed, including any challenges to the constitutionality of the Sentencing Guidelines, unless the sentence exceeds the maximum permitted by statute. The Defendant further understands that nothing in this Plea Agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the Defendant's sentence pursuant to Section 3742(b), the Defendant shall be released from the above waiver of appellate rights. By signing this Plea Agreement, counsel for the Defendant acknowledges that he has discussed the appeal waiver with the Defendant and that defense counsel, along with the prosecutor, will request that the Court enter a specific finding regarding the Defendant's knowing and voluntary waiver of his right to appeal the sentence imposed and his waiver of his right to appeal the finding of guilt, as set forth in this Plea Agreement.

26. The Defendant agrees to waive all rights he would have if he chose to proceed to trial, including without limitation his rights to a jury trial with the assistance of an attorney; to confront and cross examine Government witnesses; to remain silent or testify; to move to suppress evidence or raise any other Fourth or Fifth Amendment claims; to pursue any affirmative defenses and present evidence; and to any further discovery from the Government. The Defendant understands that the Government possesses undisclosed information and materials to which the Defendant may be entitled in this case pursuant to the government's discovery obligations as set forth in Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972), their progeny, Rule 16 of the Federal Rules of Criminal Procedure, and other applicable law or rule. The Defendant represents that he has discussed his right to attempt to obtain such discovery with his attorney in this case. Understanding this right, and in exchange for

the undertakings made by the United States in this Plea Agreement, the Defendant knowingly waives his right to receive any and all such information, either now or at any future time, including at sentencing.

27.   In addition to the waiver of any other right resulting from his plea, the Defendant waives any right to appeal any claim that the Defendant and his crimes were not subject to the jurisdiction of the United States. The Defendant also waives any right to have facts that determine his sentence under the Guidelines alleged in the Indictment or found by a jury beyond a reasonable doubt. The Defendant further agrees that the Court shall find at sentencing by a preponderance of the evidence any facts that determine his sentence under the Guidelines.

28.   The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a. The defendant also hereby waives his right to file any collateral attack on his conviction or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, except that the Defendant reserves his right to claim that his counsel was ineffective in connection with the negotiation of this Plea Agreement or the entry of his guilty plea.

29.   The Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the Defendant is pleading guilty. Indeed, because the Defendant is pleading guilty to a drug trafficking offense, removal is presumptively mandatory. Because removal and other

immigration consequences are the subjects of a separate proceeding, the Defendant understands that no one, including the Defendant's attorney or the District Court, can predict to a certainty the effect of the Defendant's conviction on the Defendant's immigration status. The Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that the Defendant's plea may entail, even if the consequence is the Defendant's automatic removal from the United States.

30. This Plea Agreement only binds the Narcotic and Dangerous Drug Section, Criminal Division, United States Department of Justice. It does not bind any other office or agency of the United States Government or United States Attorney's Office. These offices and agencies remain free to prosecute the Defendant for any offense(s) committed within their respective jurisdictions.

31. There are no other agreements, promises, understandings or undertakings between the Defendant and the Government. The Defendant understands and acknowledges that there can be no valid addition or alteration to this Plea Agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

ARTHUR G. WYATT
CHIEF
NARCOTIC & DANGEROUS DRUG SECTION

Date: 2-25-15   By: _____
Paul Joseph
Trial Attorney

Defendant's ACCEPTANCE

I have read this Plea Agreement and have discussed it at length with my attorney, Stephen F. Brennwald, Esquire. I fully understand this Plea Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Plea Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

_S. GONZALEZ S;Gonzalez_  _2/23/15_  _2/25/15_
Sergio Gonzalez Bencomo                Date

ATTORNEY'S ACKNOWLEDGMENT

I am the Defendant's attorney. I have fully explained to the Defendant, the Defendant's rights and the applicable provisions of the Sentencing Guidelines. I have carefully reviewed every part of this Plea Agreement with the Defendant. The Defendant is entering into this Plea Agreement voluntarily, intelligently and with full knowledge of all consequences of the Defendant's plea of guilty.

_[signature]_                        _2/23/15_  _2/25/15_
Stephen F. Brennwald, Esquire        Date
Attorney for Defendant

19