UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DWIGHT WARREN KNOWLES (2),<br>    a.k.a. "Arizona" and<br><br>ORAL GEORGE THOMPSON (3),<br>    a.k.a. "Chad,"<br><br>**Defendants.** | CRIM. NO. 1:12-cr-266-02,-03 (RWR) |

## GOVERNMENT'S RESPONSE AND UPDATED SUPPLEMENTAL MOTION REGARDING 404(b) EVIDENCE

Comes the United States of America, through Arthur Wyatt, Chief, Narcotic and Dangerous Drug Section, and by undersigned counsel, and replies to defendant Dwight Knowles' response concerning supposed 404(b) material.

The United States has previously requested the District Court to admit all relevant evidence of this international narcotics trafficking conspiracy as either direct evidence and/or evidence that is inextricably intertwined with the charged crime against Defendants Knowles and Oral Thompson. It remains the Government's position that the evidence in this case does not fall under Rule 404(b) of the Federal Rules of Evidence. As previously noted in its Position on 404(b) Evidence filed on January 15, 2015 (ECF#55), in the alternative, the Government seeks to admit certain evidence in this case pursuant to Rule 404(b) of the Federal Rules of Evidence. Defendant Knowles argues in his reply that the Government "has failed to identify the evidence that would be the subject of Rule 404(b) litigation." (ECF #70.) However, despite the fact that

1

the Government provided an initial draft exhibit list and other information to clarify its position on 404(b) material, the Defense has failed to make any specific objections or arguments, or provide supporting case law.

On February 20, 2015, Defendant Knowles filed his opposition to the Government's Position on 404(b) Evidence, and included a motion asking the Court to order the Government to provide a bill of particulars.  On February 23, 2015, Defendant Thompson filed a motion seeking to join Defendant Knowles' Motion Opposing the Government's Position on 404(b) Evidence and request for a bill of particulars.[1]  During the motions hearing on March 18, 2015, the Court granted the parties' request that the Government would prepare and disclose its draft trial exhibit list in advance of a scheduled trial date, thus rendering the Defendants' motion for a bill of particulars moot, and subsequently permitting the Defendants an opportunity to challenge specific items of evidence on 404(b) grounds.  As a result, the Court continued the motions hearing, ordered the Government to file its draft exhibit list on or before April 20, 2015, and ordered the Defendants to file their responses on or before May 4, 2015.  The Court permitted the Government to reply within seven (7) days to any Defense response.  The motions hearing was continued until May 20, 2015.  Per the Court's instructions, the Government again updated its position and filed an initial draft exhibit list on April 20, 2015 (ECF#68).[2]  Defendant Knowles filed a very brief response on May 4, 2015 (ECF#70).  Defendant Thompson did not

---

[1] During the motions hearing on March 18, 2015, the Court granted Defendant Thompson's unopposed request to join Defendant Knowles' motion opposing the Government's 404(b) filing.
[2] On March 30, 2015, the Government filed a motion for a protective order (ECF#66) prohibiting the Defendants from copying, disseminating, or otherwise disclosing discovery produced by the Government in this case.  Neither Defendant has responded to the motion within the response time allowed by the Court.  The Government asks that the Court include the attached draft exhibit list, as well as any draft translations provided to the Defendants as materials subject to any protective order issued in this case.

respond. The Government now files this updated supplemental motion and responds to the Defense position, or lack thereof, regarding 404(b) evidence.

### THE GOVERNMENT'S CONTINUED POSITION ON 404(b) EVIDENCE AND REQUEST THAT ALL EXHIBITS LISTED ON THE DRAFT EXHIBIT LIST BE ADMITTED

First, regarding Defendants Thompson and Knowles, the Government's position has never changed: there is no 404(b) evidence in this case. The Government moves to admit all relevant evidence of this multi-year, multi-member, complex international narcotics trafficking conspiracy as either direct evidence and/or evidence that is inextricably intertwined with the charged crime against Defendants Knowles and Thompson.

Second, as noted in its Position on 404(b) Evidence filed on January 15, 2015 (ECF#55), in the alternative, the Government would seek to admit evidence in this case pursuant to Rule 404(b) of the Federal Rules of Evidence. However, the Defense has failed to articulate reasons why any supposed 404(b) evidence would qualify as 404(b) evidence. Furthermore, since January 15, 2015, the Defense has failed to articulate with any particularity how or why any evidence in this case could qualify as 404(b) evidence. It is the Government's understanding that the initial draft exhibit list was produced to provide more specificity to the Government's case in order to resolve the bill of particulars motion, as well as to allow the Defense to provide specific objections as to why any piece of evidence would qualify as inadmissible 404(b) evidence. The Government has acted in good faith to produce its initial draft exhibit list even before a trial date has been set in this case, and the Government has also agreed to provide an initial trial witness

list[3] and an updated trial exhibit list thirty (30) days before trial, or at a time designated by the Court.

Third, since the Defense has failed to object to any evidence listed on the draft exhibit list, the Government requests that the Court rule that all of the exhibits are admissible and that the proposed trial evidence in this case is either direct evidence of, or inextricably intertwined with, the charged conspiracy, and is therefore not 404(b) evidence. Again, the purpose of the Government's draft exhibit list was to provide the Defense with an opportunity to specifically object to any of these exhibits. The Defense has failed to do so.

However, as an aid to the Court, the Government, having previously explained its position on 404(b), now provides an additional summary to supplement the information provided in the multiple 404(b) filings in this case to date:

**Evidence of Conduct Outside of Dates Listed in Indictment:**

In his two-page Response, Defendant Knowles misconstrues the Government's arguments regarding conduct before and after the dates listed in the Indictment. The Defendant wrongly states that the Government views such conduct as other acts or misconduct (ECF#70). The conduct does not qualify as other acts or misconduct. Rather, the referenced narcotics trafficking conduct is part of the exact same conspiracy charged by the Government in the Indictment in this case. The charged conspiracy originated prior to May 2011, and continued after December 12, 2012, the beginning and ending dates in the Indictment. The Government has ample evidence to establish that this conduct is part of a single, unbroken pattern of conduct with the same and continuous conspiratorial goal of transporting cocaine. *See* supporting case law, ECF #55, at 7-8. All of this evidence has been produced to the Defense through discovery,

---

[3] The Government has identified some, not all, of the witnesses that may testify at trial.

and the Government has consistently described such evidence in its filings and communications with both trial defendants.

Examples of conduct that occurred outside the dates listed in the Indictment but are part of, in furtherance of, and/or inextricably linked with, the conduct within those dates include the following:

(1) Between January and April 2013, Defendants Knowles, Thompson, co-conspirator alias "Gabriel," and others continued to negotiate with sets of narcotics traffickers to acquire and use various U.S.-registered aircraft to transport large quantities of cocaine (just as they did between May 2011 and December 2012).  Specifically, the Government will introduce evidence in the form of witness testimony, wiretap calls, and aircraft registration documents establishing that Thompson and Knowles sought to use a Westwind-model aircraft bearing U.S. registration tail number N599DP located in Maracaibo, Venezuela to transport up to 2,500 kilograms of cocaine.  Two of the exhibit numbers from the Government's draft exhibit list that pertain to this conduct are exhibit numbers 3 (which contains the registration documentation for the N599DP aircraft), and 193 (which is an audio file of a wiretap call between Defendant Thompson and co-conspirator "Gabriel").  The Government's evidence will reveal that the Defendants engaged in the same negotiations with Gabriel between the dates listed in the Indictment. Such conduct is certainly a continuation of the same exact conspiratorial conduct at the heart of the charged conspiracy: the Defendants sought to acquire other US-registered aircraft, including a Nassau, Bahamas-based Beechcraft 1900 aircraft, to transport ton quantities of cocaine.  Draft trial exhibit list numbers 3, 36-86, 219, and 220, and others, pertain to those earlier negotiations between Defendants Thompson and Knowles and co-conspirator "Gabriel."  Again, it is clear from this evidence that the same type of negotiations, involving the same co-conspirators,

performing the same roles, and merely conducted after the dates listed in the Indictment, are all in furtherance of the same conspiratorial goal.  Therefore, the witness testimony, wiretap calls, and aircraft registration documents are direct evidence of the same, single, unbroken conspiracy listed in the Indictment.  All of the evidence pertaining to these negotiations, both during and after December 2012, has been produced to the Defendants through discovery many months ago;

(2) Between at least January 2011 and June 2011, the Defendants participated in the acquisition and use of a King Air aircraft (formerly bearing registration tail number N63BV) to transport approximately 1,000 kilograms of cocaine from Venezuela to Honduras in March 2011 by co-conspirator and pilot Anton Johnson, a/k/a "Rasta," a/k/a "Blackjack," a/k/a "Ton."  After March 2011, the Defendants, along with co-conspirator alias "Chepe," continued to negotiate fees for their participation in arranging the successful cocaine transportation flight of N63BV, and Defendant Thompson was paid a commission fee for his role in the transportation trip in May 2011 (within the dates listed in the Indictment).  Accordingly, while the Defendants' conduct with respect to that cocaine transportation event began prior to the May 2011, their conspiratorial conduct continued into and after May 2011.  At least two witnesses will testify about the participation of the Defendants in the use of that aircraft, and draft trial exhibit list numbers 2, 3, 12, 219, and others pertain to that successful cocaine transportation trip.  In particular, draft trial exhibit list number 12 is an audio file of a wiretap call between Defendant Thompson and co-conspirator pilot Anton Johnson regarding the payment to Johnson for his successful drug transportation flight aboard N63BV, and exhibit list number 219 contains a test message in which Defendant Thompson communicated Johnson's name and license information to others in connection with this flight; and

6

(3) As described previously in the Government's Position on 404(b) at page nine, in May 2011, approximately forty-two (42) kilograms of cocaine were seized from a shipping container bearing container number TCLU5708460 in Long Beach, California.  The Government will introduce evidence at trial through the form of witness testimony, audio recordings of wiretap calls, email and text messages, and shipping and drug seizure documents. This evidence includes draft trial exhibit list numbers 3, 4-7, 219, and 222, which demonstrates that the Defendants attempted to assist their co-conspirators in the recovery of the cocaine in the shipping container prior to its seizure in May 2011.  While the seizure of the cocaine occurred during the dates of the conspiracy listed in the Indictment, the conduct of the Defendants in connection with that cocaine shipment overlap those dates, including conduct prior to May 2011.  Specifically, the Defendants were involved in meetings, telephone calls, and text messages in April 2011 about the container bearing container number TCLU5708460.  Accordingly, although some of the Defendants' conduct to use the shipping container occurred in April 2011, prior to the May 2011 date listed in the Indictment, the conduct clearly continued into May 2011, when the cocaine concealed within the shipping container was seized in the United States.

If the District Court rules this evidence is admissible for another purpose, such as motive, intent, preparation, plan, or knowledge, the government has provided reasonable notice of the general nature of the evidence and its intent to offer it at trial.  *See* F.R.Cr.P. 404(b).

**Evidence of Conspiratorial Conduct Other than U.S.-Registered Aircraft:**

As noted consistently in its Position on 404(b) and other filings, as well as in communications with the Defense in this case, the Government intends to introduce evidence at trial of the Defendants' cocaine trafficking conduct pertaining to the use and attempted use of various aircraft, including non U.S.-registered aircraft, boats, and shipping containers during and

7

in furtherance of the charged conspiracy. This evidence demonstrates that the Defendants' conduct was part of the charged offense, or performed contemporaneously with the charged crime that facilitated the commission of the conspiracy. *See* supporting case law, ECF #55, at 7-8. Examples of that conduct include the following:

(1) As described previously in the Government's January 15, 2015 filing of its Position on 404(b) at page nine, in June 2011, Defendant Thompson and co-conspirator alias "Pava" negotiated the sale of approximately ten (10) kilograms of cocaine that "Pava's" associates had for sale in Santa Marta, Colombia. The Government will introduce witness testimony regarding Thompson's negotiations and actions with respect to this attempted cocaine transaction. Additionally, the Government will add to the draft trial exhibit list filed in this case on April 20, 2015, the following text message intercepted by the Colombian National Police (hereinafter, "CNP") over telephone number 300-239-4551 used by "Pava:" text message to telephone number 414584127313828 on 07/26/2011 at 12:27:19, and four telephone calls intercepted by the CNP over telephone number 300-239-4551 used by "Pava:" (a) phone call between "Pava" and an unidentified male dated 06/03/2011 at 09:41:14; (b) phone call between "Pava" and Thompson dated 06/29/2011 at 10:27:21; (c) phone call between "Pava" and an unidentified male dated 06/29/2011 at 10:55:38; and (d) phone call between "Pava" and alias "Jose" dated 06/30/2011 at 14:57:16. These draft trial exhibits and others pertain to Thompson and "Pava's" negotiations and were produced to the Defendants through discovery on January 28, 2015. The Government's evidence establishes that the Defendants sought to conduct various smaller-quantity cocaine transactions in order to earn sufficient money to complete the larger-quantity aircraft transportation schemes;

(2) The Government will introduce at trial evidence in the form of witness testimony, audio recordings of wiretap calls, text messages, and email messages, regarding Defendants Thompson's and Knowles' actions in arranging for a Bahamas-registered Hawker aircraft bearing tail number C6IUN to be flown from the Bahamas to Maracaibo, Venezuela in May 2011 for use in transporting large quantities of cocaine.  That evidence will also establish that the Defendants made efforts to secure the release of the aircraft after it was seized in Venezuela so that it could be used for its illicit purpose.  Draft trial exhibit list numbers 8-11, 13-20, 219, and others pertain to that attempted cocaine transportation trip using the C6IUN Hawker aircraft.  In particular, trial exhibit list number 219b is the following text message sent from Defendant Thompson's phone: "Driver license 2385986 car number c6iun. He saying next friday. Hawker jet 700;"

(3) The Government will introduce witness testimony, audio recordings of wiretap calls, email messages, and text messages related to the attempted use of the Bahamas-registered Beechcraft 1900 aircraft bearing registration tail number C6-SBF that was offered to the Defendants, along with two U.S.-registered Beechcraft 1900 aircraft for use in furtherance of their drug trafficking conspiracy.  For example, in one email message (draft trial exhibit list number 207), Defendant Knowles received the following email message, "YOU CAN USE ANY ONE OF THESE N157PA N376SA C6-SBF."  The Government will introduce evidence establishing that the Defendants and their co-conspirators ultimately attempted to utilize the U.S.-registered N157PA aircraft to transport ton quantities of cocaine in May 2012 as part of this conspiracy.  Draft trial exhibit list numbers 2, 3, 38-43, 194-197, 207, 219, 220, and others pertain to negotiations regarding the use of the C6-SBF aircraft, along with use of various other U.S.-registered aircraft; and

(4) As described in its Position on 404(b) Evidence, including the example described on page nine of that filing, the Government will also introduce evidence that the Defendants frequently offered to acquire aircraft or boats interchangeably on behalf of cocaine sources of supply in order to transport cocaine. The Defendants used the coded and cryptic terms "top car" when referring to aircraft, and "bottom car," "low car," "slow car," and "cloth," to refer to boats. Additionally, the Defendants entered into several boat cocaine transportation deals in order to raise enough money to conduct more lucrative aircraft cocaine transportation deals. The Government's evidence will establish that the Defendants conspired to transport cocaine on behalf of multiple suppliers, and that the timing, quantity, and route needed dictated the means of transportation (boats or aircraft) in order to complete that conspiratorial goal.

As noted in the example on page nine of the Government's Position on 404(b), the coded references to non U.S.-registered aircraft and boats were frequently discussed in the same telephone calls, email messages, and text messages as those that discussed U.S.-registered aircraft. Due to the nature of the crimes of the Defendants, the Government has numerous phone calls, text messages, and emails that reference both planes and boats intermittently over the two year conspiracy, and editing, redacting, and removing large portions of calls, text messages, and emails would not portray an accurate picture of the drug trafficking conspiracy as charged. *See* supporting case law, ECF #55, at 7-8.

In summary, the un-redacted draft exhibit list had been prepared for the parties and the Court in preparation for a motions hearing scheduled for May 20, 2015, concerning potential 404(b) evidence and bill of particular issues. The Government hereby requests that, subject to authentication requirements, all of the evidence listed on the draft exhibit list be admitted at trial as relevant evidence of this international narcotics trafficking conspiracy, as either direct

evidence and/or evidence that is inextricably intertwined with the charged crime against Defendants Knowles and Thompson. The Government may supplement the draft exhibit list with additional non-404(b) evidence to include the use of U.S.-registered aircraft during the dates of the charged conspiracy in this case. Also, as stated above, the Government will file an initial witness list and updated exhibit list thirty (30) days before trial, or at a time set by the Court. Lastly, a bill of particular issue is not required. The charging document, draft exhibit list, and discovery thus far provided make a bill of particulars unnecessary, and the Defense has failed to articulate any basis to support a bill of particulars.

**CONCLUSION**

As noted in its original filing, and in accordance with the governing and long-standing practice in this jurisdiction, the Government respectfully moves that the Court find that all the proposed trial evidence in this case is direct evidence of, or inextricably intertwined with, the charged conspiracy and is therefore not 404(b) evidence.  Additionally, since the Defense has failed to articulate why any of the evidence would qualify as 404(b) evidence, the Government hereby requests that, subject to authentication requirements, all of the evidence listed on the draft exhibit list be admitted at trial as relevant evidence of this international narcotics trafficking conspiracy as either direct evidence and/or evidence that is inextricably intertwined with the charged crime against Defendants Knowles and Thompson.

Respectfully submitted this 11th day of May 2015.

        Arthur Wyatt, Chief
        Narcotic and Dangerous Drug Section
        Criminal Division
        U.S. Department of Justice

By: _____-s-_____
        Paul Joseph, Trial Attorney
        Narcotic and Dangerous Drug Section
        Criminal Division
        U.S. Department of Justice
        Washington, DC 20530
        202-514-9644
        Paul.Joseph2@usdoj.gov

and

By: _____-s-_____
        Brian Sardelli, Trial Attorney
        Narcotic and Dangerous Drug Section
        U.S. Department of Justice
        Washington, DC 20530
        202-598-2950
        Brian.Sardelli2@usdoj.gov

## **CERTIFICATE OF SERVICE**

   I hereby certify that a copy of the foregoing was sent via the CM/ECF system, to counsel of record for the defendants, this 11th day of May 2015.

                               Arthur Wyatt, Chief
                               Narcotic and Dangerous Drug Section
                               Criminal Division
                               U.S. Department of Justice
                               Washington, DC 20530

By:       _____*-s-*_____
               Paul Joseph
               Trial Attorney
               Narcotic and Dangerous Drug Section
               Criminal Division
               U.S. Department of Justice
               Washington, DC 20530
               202-514-9644
               Paul.Joseph2@usdoj.gov